**A–AABCAA PLUMBING, INC., Respondent,**

v.

**Louis LEVIN and William Morelan, Appellants.**

**No. 60347.**

Missouri Court of Appeals, Eastern District, Division Three.

Jan. 7, 1992.

Nick D. Vasileff, Madison, for appellants.

Frank Dougherty Keefe, Ellisville, for respondent.

CRIST, Judge.

Defendants appeal the denial of their application for a trial de novo under § 512.-180, RSMo 1986. We reverse and remand.

Defendants, co-owners of a small business, signed separate but identical contracts with Plaintiff for the performance of plumbing work. A dispute developed, and Plaintiff filed a one-count petition for breach of contract. Plaintiff sought recovery of $4,100 plus attorney's fees and costs. Defendant Morelan filed an answer and a counterclaim seeking damages in the

**132**

amount of $8,000 against Plaintiff. On January 3, 1991, Associate Circuit Judge Larry Kendrick entered judgment in favor of Plaintiff in the amount of $3,500 and denied Defendant Morelan relief on his counterclaim. Defendants timely filed an application for trial de novo along with an appeal bond of $3,500. The request for the trial de novo was denied without any reason given. Plaintiff has not favored us with a brief.

State ex rel. JCA Architects v. Schmidt, 751 S.W.2d 756, 758[2] (Mo.banc 1988), mandates the reversal of the order denying Defendants' request for a trial de novo. The amount of damages requested in the petition was less than $5,000. The language of § 512.180 clearly states that trial de novo is authorized in certain cases before an associate circuit judge where the damages claimed in the petition are under $5,000. The sum requested in the counterclaim is not taken into consideration when calculating this amount. *Id.*

In its motion in opposition to the request for trial de novo, Plaintiff contended to the lower court that § 512.180 does not apply to cases assigned to an Associate Circuit Judge to be heard on the record under procedure applicable before circuit judges. However, there is no record that this case was ever so assigned. Further, Judge Kendrick treated the case as one in which trial de novo would be available and preserved no record for appellate review. *See JCA Architects,* 751 S.W.2d at 758[2].

Reversed and remanded.

PUDLOWSKI, P.J., and STEPHAN, J., concur.