Garry **ALDRIDGE,**
**Plaintiff/Respondent,**

v.

**FIRST FINANCIAL INSURANCE**
**COMPANY, Defendant/Appellant.**

No. 17692.

Missouri Court of Appeals,
Southern District,
Division Two.

April 27, 1992.

Keith D. Sorrell, Spain, Merrell and Miller, Poplar Bluff, for defendant/appellant.

Dennis P. Wilson, Parsons, Mitchell, Wilson & Satterfield, P.C., Dexter, for plaintiff/respondent.

MONTGOMERY, Judge.

Defendant, First Financial Insurance Company, appeals from a judgment of the Circuit Court of Butler County, Associate Division II. The judgment was in favor of Plaintiff on Count I for $2,648.38 plus interest at 9 percent from October 10, 1990. On Count II, judgment in the amount of $414.84 plus $900 attorney fees was for Plaintiff under § 375.420 [1] for vexatious refusal to pay. We dismiss the appeal for reasons which follow.

Plaintiff's petition was filed January 23, 1991. Count I alleged Plaintiff's personal property was stolen, and the loss was covered by a theft insurance policy issued by

1. Statutory references are to RSMo 1986 unless   otherwise indicated.

Defendant who refused to pay. Plaintiff claimed damages of $3,000. Count II alleged that Defendant's refusal to pay was vexatious and without reasonable cause or excuse. Plaintiff requested damages as provided by law.

The case was tried without a jury before an associate circuit judge sitting not in the probate division nor assigned to hear the case under procedures applicable before circuit judges. As noted, Plaintiff's petition claimed damages not exceeding $5,000.

 The right to appeal is purely statutory, and where a statute provides no right to appeal, none exists. *Nicolai v. Faille–Talayna Pizza, Inc.*, 657 S.W.2d 279, 280 (Mo.App.1983). Section 512.180 governs the right to appeal from cases tried before an associate circuit judge. Section 512.180(1) provides that an aggrieved party in a civil case tried without a jury before an associate circuit judge, not sitting in the probate division nor assigned to hear the case on the record under procedures applicable to circuit judges, shall have the right of trial de novo where the petition claims damages not to exceed $5,000. "Only in cases not fitting this description may parties appeal directly to an appellate court. RSMo § 512.180(2)." *State ex rel. Benton v. Airport Limousine Serv.*, 791 S.W.2d 482, 483 (Mo.App.1990); *Aaron Fain's Leasing, Inc. v. White*, 797 S.W.2d 771 (Mo.App.1990).

Here, the case falls clearly within § 512.-180(1). Count I claimed damages of $3,000, and Count II requested damages under § 375.420 which could not exceed $450 plus interest and attorney fees. In determining the $5,000 limit for trial de novo, interest and attorney fees are not considered. *State ex rel. JCA Architects v. Schmidt*, 751 S.W.2d 756, 758 (Mo. banc 1988). The remaining provisions of § 512.180(1) appear in the record which only allowed Defendant the right to a trial de novo, not an appeal to this Court.

Plaintiff filed in this Court a "Motion to Assess Additional Attorney Fees" based on cost of this appeal. "An appeal without statutory sanction confers no authority upon an appellate court except to

enter an order dismissing the appeal." *National Ave. Bldg. Co. v. Stewart*, 794 S.W.2d 304, 309 (Mo.App.1990). We are without authority to address the motion.

Appeal dismissed.

SHRUM, P.J., and MAUS, J., concur.