**FEDERATED MORTGAGE & INVESTMENT COMPANY,**
Respondent,

v.

**Steven JONES and Sharon K. Jones, Defendant,**

**Eugene D. Brown Company Relators, Garnishee–Appellant.**

**No. WD 46635.**

Missouri Court of Appeals, Western District.

March 23, 1993.

As Modified April 27, 1993.

Terence M. O'Brien, Kansas City, for appellant.

Richard J. Koury II, Independence, for respondent.

Before LOWENSTEIN, C.J., and TURNAGE and BRECKENRIDGE, JJ.

114

TURNAGE, Judge.

Eugene D. Brown Company, as garnishee, appeals the order of the circuit court dismissing its application for a trial de novo. Brown sought a trial de novo following the entry by an associate circuit judge of a judgment against it in the amount of $1,066.47 after a trial to the court. Brown contends that it was entitled to a trial de novo and was not required to appeal directly to this court. Reversed and remanded.

This case originated with the filing of a suit for rent and possession by Federated Mortgage against Steven Jones and Sharon Jones.[1] Federated Mortgage attempted to collect the balance due on that judgment by obtaining an execution and garnishment against Sharon Jones' employer, Eugene D. Brown Company. Following the issuance of the execution and garnishment, a summons of garnishment was issued to Brown. Thereafter, Federated Mortgage filed interrogatories to Brown. After Brown filed its answer to the interrogatories, Federated Mortgage filed a denial of the answers. After a trial before the court, the associate circuit judge entered judgment in favor of Federated Mortgage against Brown in the amount of $1,066.47.

Within the time allowed by law, Brown filed an application for a trial de novo in the circuit court. The court dismissed the application for trial de novo and held that it did not have jurisdiction because Brown should have taken a direct appeal to this court.

Section 512.180, RSMo 1986, governs appeals from cases tried before an associate circuit judge. That section provides:

1. Any person aggrieved by a judgment in a civil case tried without a jury before an associate circuit judge, other than an associate circuit judge sitting in the probate division or who has been assigned to hear the case on the record under procedures applicable before circuit judges, shall have the right of a trial de novo in all cases where the petition claims damages not to exceed five thousand dollars.

2. In all other contested civil cases tried with or without a jury before an associate circuit judge or on assignment under such procedures applicable before circuit judges or in any misdemeanor case or county ordinance violation case a record shall be kept, and any person aggrieved by a judgment rendered in any such case may have an appeal upon that record to the appropriate appellate court....

Pursuant to § 512.180.1, a person has the right to a trial de novo if the following conditions are met:

1. Judgment entered in a civil case by an associate circuit judge after a trial without a jury if

(a) The judge was not sitting in the probate division.

(b) The judge has not been assigned to hear the case on the record under procedures applicable before circuit judges.

2. And the petition claimed damages not in excess of five thousand dollars.

Pursuant to § 512.180.2, a person has the right to appeal to this court in:

1. A contested civil case, not described in § 512.180.1, tried with or without a jury before an associate circuit judge, or

2. A contested civil case tried on assignment by an associate circuit judge under procedures applicable before circuit judges, or

3. Any misdemeanor or county ordinance violation case.

■ The right of appeal is purely statutory and the only right of direct appeal to this court from a judgment entered by an associate circuit judge is a case described in § 512.180.2. *Plaza Point Invest. Inc. v. Dunnaway*, 637 S.W.2d 303, 305[1, 2] (Mo. App.1982) (applying that section as it existed in RSMo 1978). Thus, the question to be determined in each case is whether or not under the facts a party is entitled to a trial de novo or to an appeal direct to this court from a judgment entered by an associate circuit judge.

1. This is the second appeal in this case. The first appeal is reported in *Federated Mortgage and Invest. Co., Inc. v. Jones*, 798 S.W.2d 719

(Mo. banc 1990), which dealt with issues not related to the issues raised on this appeal.

■ In this case, the judgment was entered by an associate circuit judge in a civil case tried to the court without a jury. The associate circuit judge was not sitting in a probate division nor had he been assigned to hear the case under procedures applicable before circuit judges. The petition in this case claimed damages of less than five thousand dollars. It is clear that Brown met all of the conditions of § 512.180.1 to be entitled to a trial de novo in the circuit court.

Analyzed under the terms of § 512.180.1, this case seems relatively simple, however the matter is complicated by cases which have not analyzed an appeal in terms of whether or not the appeal met the requirements of § 512.180 for either a trial de novo or an appeal directly to this court. The result has been cases which appear on the surface to be in conflict.

In *Central Missouri Paving Co. v. Kraft,* 678 S.W.2d 420 (Mo.App.1984), this court held that an appeal from an order of an associate circuit judge quashing garnishment in aid of execution after a trial to the court was not properly taken to this court and this court did not have appellate jurisdiction. This case was decided under § 512.180.1 as it existed in 1978. That section provided that a trial de novo was available if the case was tried without a jury by an associate circuit judge who was not sitting in the probate division or who had been assigned to hear the case under procedures applicable to a circuit judge. Under the facts of that case this court properly held that this court did not have jurisdiction of the appeal because the right to appeal was to apply for a trial de novo.

*Holy Temple Homes, Ltd. v. West,* 812 S.W.2d 202 (Mo.App.1991), would appear on first blush to be in conflict with *Central Missouri Paving,* but on close examination it is not. By the time *Holy Temple Homes* was decided § 512.180.1 had been amended in 1985 to add the requirement that the petition claim damages not to exceed five thousand dollars. In *Holy Temple Homes* this court considered an appeal filed directly in this court from a judgment entered by an associate circuit judge which quashed an execution which had been issued to obtain possession of certain premises. This court held that the appeal was properly lodged in this court. From the opinion it does not appear that there was a claim for damages.

In *Robinson v. Director of Revenue,* 762 S.W.2d 872, 874 (Mo.App.1989), the court held that a judgment in an action which did not claim damages of less than five thousand dollars was appealable directly to the court of appeals. In short, *Robinson* held that appeal by way of a request for a trial de novo applies only in cases involving a claim for damages and then only if the petition seeks damages of less than five thousand dollars. If the suit does not involve a claim for damages, or if the damages claimed exceed five thousand dollars, appeal is to the court of appeals and a trial de novo is not available.

Because the relief sought in *Holy Temple* did not include a claim for damages, under *Robinson* the appeal was properly before this court and this court correctly held that this court had jurisdiction.

■ It must be emphasized that the determination of the proper appeal from a judgment entered by an associate circuit judge rests on the facts and not on labels which are used to describe the judgment. The analysis in each case must be fact-specific to ascertain if the facts bring the case within § 512.180.1 or § 512.180.2. For that reason labels which describe the judgment should be ignored.

The facts in this case bring it within the provisions of § 512.180.1, and therefore, the right of appeal granted Brown was a trial de novo in the circuit court. It follows that the court erred in dismissing the application for trial de novo.

The judgment is reversed and this cause is remanded to the circuit court for a trial de novo on the claim of Federated Mortgage against Eugene Brown Company.

Eugene D. Brown Company, as garnishee, has filed a claim for allowance for costs and expenses incurred by it on this appeal pursuant to Rule 84.21. Federated Mortgage has not filed a response to that claim and the claim is therefore allowed in the

amount of $1,365.77 which will be assessed as costs against Federated Mortgage.[2]

All concur.

---

**2.** Federated Mortgage has filed a motion for damages for frivolous appeal. It follows from the opinion that the appeal was not frivolous and the motion is denied.