Joseph FARINELLA, et al., Respondents,

v.

Delicia CROFT, Respondent,

Housing Authority of St. Louis County, Appellant.

No. 78632.

Supreme Court of Missouri, En Banc.

May 28, 1996.

Joe D. Jacobson, Clayton, for Appellant.

Susan M. Alverson, St. Louis, for Respondents.

WHITE, Judge.

Respondent landlords brought a rent and possession action against respondent Delicia Croft seeking "rent in the sum of $484.00 plus rent to date of judgment, restitution of the premises and costs." Croft joined appellant Housing Authority of St. Louis County ("Housing Authority") as third party defendant. After trial before the circuit court, associate division, the court entered judgment in favor of landlords against Croft for $77.00 and against Housing Authority for $3311.00. Housing Authority appealed. The Court of Appeals, Eastern District, ordered the case transferred to this Court. Rule 83.02. We dismiss for lack of appellate jurisdiction.

"The right to appeal is purely statutory and, where a statute does not give a right to appeal, no right exists." *Christman v. Richardson,* 818 S.W.2d 307, 308 (Mo.App. 1991). Section 512.180 governs appeals from cases tried before associate circuit judges. It grants an aggrieved party in a civil case the right to a trial de novo "in all cases where the petition claims damages not to exceed five thousand dollars" unless the judge was sitting in the probate division or had been assigned to hear the case on the record under procedures applicable before circuit judges. § 512.180.1, RSMo 1994. "Only where the case does not fit this description may a party appeal directly to the appellate court." *Christman,* 818 S.W.2d at 308.

If the petition for rent and possession claims damages not exceeding five thousand dollars, appellant's sole recourse is a trial de novo under section 512.180.1. *Christman,* 818 S.W.2d at 308; *State ex rel. Benton v. Airport Limousine Service,* 791 S.W.2d 482, 483 (Mo.App.1990). Appellant argues the petition asking for "rent to date of judgment" left open the possibility of damages exceeding five thousand dollars, making section 512.180.1 inapplicable. *See Kohnen v. Hameed,* 894 S.W.2d 196, 199 (Mo.App. 1995) (damages for unlawful detainer action dependent on cumulative number of months tenants hold over on premises, so amount claimed not necessarily less than five thousand dollars). Respondent counters damages ascertained at the date of trial did not exceed five thousand dollars; therefore, section 512.180.1 governs appeal and appellant is entitled only to a trial de novo. The conflict over interpretation of the statutory language "where the petition claims damages not to exceed five thousand dollars" concerns when the amount of damages is evaluated.

Section 512.180 is silent as to the time at which the court ascertains the amount of damages claimed. To construe the statute adequately, we consider other statutes in pari materia, supposing the statutes are to be read consistently and harmoniously. *State ex rel. Rothermich v. Gallagher,* 816 S.W.2d 194, 200 (Mo. banc 1991). Rent and possession petitions pray for rent due to date of judgment because the landlord-tenant statute provides, "on the hearing of said cause, the judge shall render judgment ... for the amount of rent then due." § 535.040, RSMo 1994. The petition is claiming rent due at the time of the hearing, which in most instances will be the date of judgment. Judgment must be rendered within thirty days of associate circuit division trials unless the parties consent to a longer period of time. § 517.111, RSMo 1994. The amount of damages claimed will, therefore, be known at the time of hearing. If the rent then due exceeds five thousand dollars, the court and the parties know the trial will be on record and appeal lies with the court of appeals.

The open-ended nature of rent and possession petitions does not preclude all trials de novo, because section 535.110 provides, "[a]pplications for trials de novo and appeals shall be allowed and conducted in the manner provided in chapter 512 RSMo; ...." § 535.110, RSMo 1994. If all rent and possession petitions following the statutory language were too open-ended to qualify for trial de novo regardless of the amount in controversy, the legislature would not have included trial de novo provisions in section 535.110. Furthermore, pleadings in the associate circuit division are to be informal absent the court's discretion directing otherwise. § 517.031, RSMo 1994. Evaluating the petition to determine the amount of damages at the time of hearing harmonizes the related statutes on rent and possession, appeals from the associate circuit division, and procedure in the associate circuit division.

To demand an exact amount of damages not exceeding five thousand dollars on the face of the petition when filed before a right to trial de novo attaches is contrary not only to the current statutory scheme, but to the historical development of rent and possession and related statutes. Before 1978, rent and possession actions were filed in magistrate courts. § 535.020, RSMo 1969. Parties aggrieved by judgment rendered in a magis-

trate court appealed to circuit court for trial de novo. § 512.180, RSMo 1969.

With court reform in 1978, magistrate courts were abolished and duties of that court were assigned to associate circuit judges. These divisions are now usually referred to as associate circuit divisions of the circuit courts. Associate circuit judges heard rent and possession actions because these cases could have been "heard and determined by a magistrate judge without assignment as an acting circuit judge under provisions of law in effect on January 1, 1979." § 478.225.2(8), RSMo 1978. *See* § 535.020, RSMo 1978.

Accompanying the creation of associate circuit divisions, section 512.180 was divided into two subsections, the first describing the right to trial de novo:

1. Any person aggrieved by a judgment in a case tried without a jury before an associate circuit judge, other than an associate circuit judge sitting in the probate division or who has been assigned to hear the case on the record under procedures applicable before circuit judges, shall have the right of a trial de novo.

and the second setting forth when cases before an associate circuit judge shall be on the record with appeal to an appellate court:

2. In any case tried with a jury before an associate circuit judge or on assignment under such procedures applicable before circuit judges....

§ 512.180, RSMo 1978. Rent and possession cases clearly fell under subsection 1 as types of cases not to be heard under procedures applicable before by circuit judges and subject to appeal by trial de novo.

Section 512.180.1 was amended in 1984 to apply only to civil cases. § 512.180.1, RSMo Supp.1984. In 1985, associate circuit division jurisdictional limits were raised from five to fifteen thousand dollars. § 478.255, RSMo 1986. At this time, the phrase, "in all cases where the petition claims damages not to exceed five thousand dollars" was added to section 512.180.1. § 512.180.1, RSMo 1986.

Read together, the addition of the five thousand dollar limit to section 512.180.1 retained the right to trial de novo for cases traditionally heard in magistrate courts, later associate circuit divisions, and allowed appeal of cases traditionally brought before circuit courts. Reading into the five thousand dollar limit a bar to a whole class of cases traditionally served by trial de novo ignores legislative intent as gleaned from legislative history and the statutory scheme for rent and possession actions.

The Missouri Constitution underscores the concept of trial de novo as the default for review from associate circuit divisions acting within the traditional confines of magistrate court jurisdiction. Article V, section 27(5) provides:

The right to and method of review from a final judgment or appealable order of an associate circuit judge, or municipal judge, when so acting within the jurisdiction of cases heretofore within the jurisdiction of the former magistrate or municipal courts shall, until otherwise provided by law, be de novo before a circuit or another associate circuit judge within the circuit....

The law does provide otherwise for cases with more than five thousand dollars in controversy, but the majority of rent and possession cases fall within the parameters of the traditional scheme.

■■■■ "[P]roper appeal from a judgment entered by an associate circuit judge rests on the facts and not on labels." *Federated Mortgage & Investment Co. v. Jones,* 850 S.W.2d 113, 115 (Mo.App.1993). The analysis in each case must be fact specific to ascertain if the facts bring the case within section 512.180.1 or section 512.180.2. *Id.* We read the petition in the light most favorable to the plaintiff as of the date of the hearing. Under this standard, the petition claimed damages of $3,388.00, an amount not in excess of five thousand dollars. Appellant had a right to trial de novo in the circuit court, not an appeal to an appellate court. "An appeal without statutory sanction confers no authority upon an appellate court

except to enter an order dismissing the appeal." *Aldridge v. First Financial Insurance Co.*, 828 S.W.2d 734, 735 (Mo.App.1992).

Appeal dismissed.

BENTON, PRICE and LIMBAUGH, JJ., concur.

ROBERTSON, J., dissents in separate opinion filed.

HOLSTEIN, C.J., and COVINGTON, J., concur in opinion of ROBERTSON, J. .

ROBERTSON, Judge, dissenting.

I respectfully dissent.

The question in this case is whether appellants must seek a trial de novo or have the right to appellate review where an associate circuit judge enters judgment against them in an amount less than five thousand dollars where the original petition is open-ended in its claim for damages. Section 512.180.1, RSMo 1994, controls. That statute provides in relevant part:

Any person aggrieved by a judgment in a civil case tried without a jury before an associate circuit judge ... shall have the right of a trial de novo in all cases *where the petition claims damages not to exceed five thousand dollars.*

(Emphasis added.)

The majority assumes that the amount of the judgment actually entered by an associate circuit judge determines whether appeal or trial de novo is available to an aggrieved party seeking to overturn the judgment. There is nothing in section 512.180.1 to support that assumption. Instead, the statute says that the petition determines whether trial de novo or appellate review follows.

The majority's reasoning and its willingness to read other statutes in pari materia depend on the premise that section 512.180 "is silent as to the time at which the court ascertains the amount of damages claimed." (Op. at 756).

First, the statute is not silent. It says that the petition determines the amount claimed. It places on the party filing the pleadings an affirmative duty to state whether the amount of the claim exceeds five thousand dollars. By stating the jurisdictional amount in the negative, section 512.180.1 creates an exception to the general rule that "[i]f a recovery of money be demanded, no dollar amount or figure shall be included in the demand except to determine the proper jurisdictional authority...." § 509.050.1(2), RSMo 1994. Reading section 509.050.1(2) together with section 512.180.1, one must necessarily conclude that when a petition filed in the associate circuit division fails to state a dollar amount, the prayer anticipates the possibility that the amount of damages to which the plaintiff is entitled exceeds five thousand dollars.

Second, the majority assumes that the claim must state an exact dollar amount and that such an amount is not accurately knowable at the time the landlord files the rent-and-possession action. I do not read section 512.180.1 to require such specificity. The statute requires only that the party seeking damages say whether the amount claimed is greater or less than five thousand dollars. By making that statement, the party seeking damages determines what sort of discovery is available prior to the hearing, whether the trial that follows will be on or off the record and the course an aggrieved party must pursue to set aside a judgment rendered against him or her. The statute is flexible. The first petition is not the plaintiff's final word; the rules permit amendment of petitions at any time a plaintiff finds the judicial process too slow to keep the amount due under five thousand dollars.

It makes great sense to me to establish the rules early in litigation, rather than wait until the last moment—the time of the hearing—to make a judgment as to what kind of case is pending. I think that is what the legislature intended when it placed its emphasis on the time of pleading.

Given the state of the pleadings, I believe the Court of Appeals, Eastern District, had

appellate jurisdiction in this case. As that court transferred the case to this Court, I believe we have jurisdiction pursuant to article V, section 10 of the constitution. I would not dismiss the appeal. Instead, I would decide that these pleadings did not expressly limit the damages to less than five thousand dollars, that section 512.180.2, RSMo 1994, determines the course of review of the judgment, and retransfer the case to the court of appeals for appellate review of the remaining issues in the case.

For the reasons expressed, I respectfully dissent.