**Frank CAMMARATA, Phillip Markovitz, and Esquire Sports Medicine, Plaintiffs/Respondents,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANIES, Defendant/Appellant.**

No. 70984.

Missouri Court of Appeals, Eastern District, Division Two.

Sept. 30, 1997.

Radford R. Raines, III, Walker & Williams, P.C., St. Louis, for defendant/appellant.

Loenard W. Buckley, Jr., Leonard W. Buckley, Jr., P.C., Benicia Baker–Livorsi, St. Louis, Daniel R. Devereaux, Devereaux,

Stokes & Nolan, P.C., St. Louis, for plaintiffs/respondents.

CRANE, Presiding Judge.

State Farm Mutual Automobile Insurance Companies (insurer) appeals from a judgment of an associate circuit judge in favor of an insured automobile driver, his passenger, and his health care provider for vexatious refusal to pay. Insured, passenger, and health care provider have moved to dismiss the appeal for lack of jurisdiction pursuant to Section 512.180.1,[1] claiming that insurer's only remedy is a trial *de novo*. We agree and dismiss the appeal.

Insured driver, Frank Cammarata, and his passenger, Phillip Markovitz, filed an action against insurer on July 28, 1994. In Count I of the amended petition insured requested damages of $1,460.00, a 10% statutory penalty, and reasonable attorney's fees in the amount of $5,000.00. In Count II passenger requested $1,245.00 in damages, a 10% statutory penalty, and reasonable attorney's fees in the amount of $5,000.00. In Count III Esquire Sports Medicine, which was joined as a party plaintiff, sought $1,460.00 as insured's assignee for medical services it provided insured. The case was tried to the court on March 14, 1996. On March 28, 1996 insured and passenger moved to amend their request for attorney's fees to $16,128.95.

On April 16, 1996 the associate circuit judge held in favor of insured, passenger, and Esquire. The judge awarded $292.00 in statutory penalties and $17,108.95 in attorney's fees to insured, $1,245.00 in damages and $249.00 in statutory penalties to passenger, and $1,460.00 in damages to Esquire. On July 12, 1996 the judge entered an amended judgment granting Esquire's post-judgment motion and awarded Esquire $2,100.00 in attorney's fees and $300.00 in costs.

Insurer appeals. Insured, passenger, and Esquire have moved to dismiss the appeal on jurisdictional grounds. They argue that this court is without jurisdiction and that insurer's exclusive remedy was to request a trial *de novo* in the circuit court.

The right to appeal is purely statutory; where a statute does not give a right to appeal, no right exists. *Farinella v. Croft*, 922 S.W.2d 755 (Mo. banc 1996). Section 512.180.1 provides:

> Any person aggrieved by a judgment in a civil case tried without a jury before an associate circuit judge, other than an associate circuit judge sitting in the probate division or who has been assigned to hear the case on the record under procedures applicable before circuit judges, shall have the right of a trial de novo in all cases where the petition claims damages not to exceed five thousand dollars.

This section governs the right to appeal from cases tried without a jury before an associate circuit judge. *Farinella*, 922 S.W.2d at 756. Parties may only appeal directly to an appellate court those cases which do not fall within the above description. Section 512.180.2; *Farinella*, 922 S.W.2d at 756. In this case the damages claimed in the petition exclusive of attorney's fees do not exceed $5,000.00. Insurer argues that the prayer for attorney's fees should be considered in the calculation of damages.

The Missouri Supreme Court has rejected the contention that a claim for attorney's fees should be considered as part of the pleaded damages when calculating pleaded damages under Section 512.180.1. *State ex rel. JCA Architects, Inc. v. Schmidt*, 751 S.W.2d 756, 758 (Mo. banc 1988). In *Aldridge v. First Financial Ins. Co.*, 828 S.W.2d 734 (Mo.App.1992), the court of appeals applied *JCA Architects* to hold that it had no jurisdiction to hear an insurer's direct appeal from a judgment entered by an associate circuit judge in favor of the insured in a vexatious refusal to pay case where pleaded damages were less than $5,000.00. *Id.* at 735. The court held that attorney's fees and interest are not considered in determining the proper forum for an appeal in such a situation. *Id.*

Insurer responds that the *Aldridge* court simply adopted the language of *JCA Architects* without examining the "nature" of

1. Statutory references are to RSMo (1994) unless otherwise indicated.

the attorney's fees award in that case. Insurer suggests that the holding in *JCA Architects* should be limited to cases where plaintiff seeks non-statutory attorney's fees. Insurer argues that, in a case involving a prayer for attorney's fees pursuant to Sections 375.296 and 375.420, attorney's fees, like the percentage penalty, are damages.

Section 375.420 provides that in any action against an insurance company, where it appears that the company has refused to pay a loss without reasonable cause or excuse, the court or jury may

> in addition to the amount thereof and interest, allow the plaintiff damages not to exceed twenty percent of the first fifteen hundred dollars of the loss, and ten percent of the amount of the loss in excess of fifteen hundred dollars and a reasonable attorney's fee; and the court shall enter judgment for the aggregate sum found in the verdict.[2]

We do not find that the court in *JCA Architects* excluded attorney's fees from the damage calculation under Section 512.180.1 because of the nature of the basis for the attorney's fees claim, which, in that case was an architect's lien. Rather, it excluded attorney's fees generally. The inclusion of "a reasonable attorney's fee" in a plaintiff's recovery under Sections 375.420 and 375.296 was intended to authorize attorney's fees; it does not convert those fees to damages as that term is used in Section 512.180.1.

■ Lastly, insurer argues that the parties consented to appellate court jurisdiction. Insurer claims that the parties and the associate circuit judge agreed that the case was one with damages claimed in excess of $5,000.00 and was to be heard on the record. This argument fails because parties may not consent to waive subject matter jurisdiction. *Merriman v. Chura*, 842 S.W.2d 199, 200 (Mo.App.1992); *Givens v. Warren*, 905 S.W.2d 130 (Mo.App.1995).

■ Insured, passenger, and Esquire have moved for additional attorney's fees and damages for frivolous appeal. Because we have no jurisdiction, we have no authority to address the motion for attorney's fees. *Al-*

*dridge,* 828 S.W.2d at 735. The motion for damages for frivolous appeal is denied.

Appeal dismissed.

CRAHAN, C.J., and RHODES RUSSELL, J., concur.

---

2. Section 375.296 uses similar language and refers to Section 375.420.