**Billy McCLAIN and Brenda McClain, Plaintiffs–Appellants,**

v.

**STODDARD COUNTY SEWER COMPANY, Carl Bien, President, Defendants–Respondents.**

**No. 22939.**

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 14, 1999.

McClain, pro se.

Fred H. Thornton, III, Drumm & Thornton, Sikeston, for respondent.

KENNETH W. SHRUM, Judge.

Billy and Brenda McClain (Appellants), appeal from a judgment entered in a case tried in the Circuit Court of Stoddard County, Associate Division III. The judgment awarded Respondent Stoddard County Sewer Company $780.02, plus post-judgment interest at a rate of nine per-

cent, on its counterclaim against Appellants. We dismiss the appeal.

This suit began when Appellants and M. JoEllen Bell, acting pro se, filed a petition denominated "Declaratory Judgment." The petition named Stoddard County Sewer Company (Respondent) and Carl Bien as defendants. Allegations in the petition relating to Appellants include the following:

"2. [Appellants] hooked on to the sewer December 1985 and never received a bill coupon book through January 1997. In ... 1986 [Appellants] paid defendants Carl Bien sewer instational [sic] charge and an additional $900.00 for the monthly sewer bill for as long as [Appellants] owned their home. That now defendants [sic] Carl Bien is attempting to collect $1,525.94 for back payment of sewer bills from December 1985 through January 1997, rated at $11.40 per month. [Appellants contend] that there is a 5 year Statute of Limitation RSMO 516.120 on bills and notes and that the Stoddard County Sewer Company is only entitled to 5 years back payment calculated at $11.40 per month rather than the $1,525.94 in back payments he is attempting to collect."

Respondent and Bien filed a counterclaim in which they claimed Appellants owed them sewer bills of $4,588.72 plus twelve percent interest accruing from January 1, 1999.

On February 22, 1999, the trial judge severed Appellants' and Bell's claims in accordance with their request. At the same time, the trial judge sustained Respondent's and Bien's motion to dismiss Appellants' petition on the ground that it failed to state a claim upon which relief could be granted.

The case was tried February 22, 1999, without a jury by an associate circuit judge sitting not in the probate division nor assigned to hear the case under procedures applicable to circuit judges. As detailed in our recital of facts, the amount in controversy was less than $5,000, i.e., Respondent and Bien claimed Appellants owed sewer charges of $4,588.72, whereas Appellants in their dismissed "Declaratory Judgment" petition claimed their bill should be limited to "5 years payment ... at $11.40 per month."

On March 5, 1999, the court entered judgment for Respondent and against Appellants for $780.02 plus nine percent interest from the date of judgment.[1]

Appellants filed their notice of appeal with this court. Respondent moved to dismiss the appeal, asserting that § 512.180.1, RSMo 1994, allowed Appellants only the right to a trial de novo, not an appeal to this Court. We agree.

■ The right to appeal is established by statute, and where a statute affords no appeal, none exists. *Aldridge v. First Fin. Ins. Co.*, 828 S.W.2d 734, 735[1] (Mo.App. 1992). Appeals from cases tried before associate circuit court judges are governed by § 512.180, RSMo 1994. *Id.* at 735. Section 512.180.1 provides that an aggrieved party in a civil case tried without a jury before an associate circuit judge not sitting in the probate division nor assigned to hear the case on the record under procedures applicable to circuit judges shall have the right of trial de novo where the petition claims damages not exceeding $5,000. " 'Only in cases not fitting this description may parties appeal directly to an appellate court.' " *Id.* (quoting *State ex rel. Benton v. Airport Limousine Serv.*, 791 S.W.2d 482, 483 (Mo.App.1990)).

■ This case clearly falls within § 512.180.1. In their petition, which the court dismissed, Appellants claimed their sewer bill obligation was only $11.40 per month for sixty months whereas the counterclaim for the same bill alleged a balance

---

1. The court found in favor of Appellants and against Bien on his counterclaim. Bien did not file a notice of appeal with this court regarding that part of the judgment adverse to him.

due of $4,588.72 plus twelve percent interest accruing from January 1, 1999. Under these pleadings, the total amount in controversy was less than $5,000.[2] The record reveals that the other provisions of § 512.180.1—i.e., a civil case tried without a jury by an associate circuit judge not sitting in the probate division nor assigned to hear the case on the record—were also satisfied here. Consequently, Appellants' right was to a trial de novo, not an appeal to this court. *Aldridge*, 828 S.W.2d at 735. *See Farinella v. Croft*, 922 S.W.2d 755, 757 (Mo.banc 1996). Under the circumstances, this court has no authority except to enter an order dismissing the appeal. *Aldridge*, 828 S.W.2d at 735[4]; *Farinella*, 922 S.W.2d at 757–58[7].

Appeal dismissed.

CROW, P.J., and PARRISH, J., concur.

---

**2.** When deciding whether the $5,000 limit is met, interest is not considered. *State ex rel. JCA Architects v. Schmidt*, 751 S.W.2d 756, 758[2] (Mo.banc 1988). Consequently, Respondent's and Bien's request for interest is of no consequence.