**WHISPERING LAKES
APARTMENTS, Plaintiff/Respondent,**

v.

**Arthur J. BROOKS,
Defendant/Appellant.**

**No. ED 84564.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 30, 2004.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 9, 2005.

Arthur J. Brooks, Florissant, MO, for appellant.

Thomas E. Osterholt, St. Louis, MO, for respondent.

Before CLIFFORD H. AHRENS, P.J., WILLIAM H. CRANDALL, JR., J., and SHERRI B. SULLIVAN, J.

PER CURIAM.

Arthur Brooks ("Tenant") appeals from an order and judgment rendered against him in an unlawful detainer action brought by Midwest Diversified Properties d/b/a Whispering Lakes Apartments ("Landlord"). We dismiss for lack of appellate jurisdiction.

On November 29, 2002, Tenant entered into a written lease with Landlord for rental of an apartment at 4561 Whispering Lakes Drive ("premises") in Florissant, Missouri. The lease was for twelve months, beginning on December 1, 2002, and ending on November 30, 2003. According to the terms of the lease, either the Landlord or Tenant could terminate this lease at the end of the twelve-month period by giving the other party at least thirty-one days written notice prior to November 30, 2003. Landlord gave written notice to Tenant on October 13, 2003, that it was terminating the lease at the end of the initial period on November 30, 2003. The written notice informed Tenant that he needed to turn in the keys to the premises prior to 5:00 p.m. on November 30, 2003.

Tenant did not surrender possession of the premises to Landlord on November 30, 2003. On December 2, 2003, Landlord filed a verified complaint for unlawful detainer against Tenant. Landlord asserted the rent was $780.00 per month, and sought judgment for rent, "doubled to the date of judgment, for restitution of the premises, court costs and for such other and additional relief as the Court may [d]eem proper[.]" Landlord also sought

attorney's fees and costs associated with enforcing the terms of the lease. Landlord attached copies of the lease and the written notice it gave to Tenant on October 13, 2003, and incorporated those exhibits by reference as part of the verified complaint.

Tenant was served with process on December 17, 2003, returnable on January 4, 2004. On January 6, 2004, Landlord appeared in court by its attorney, and Tenant failed to appear. The trial court entered a default judgment in favor of Landlord for restitution of the premises, and the sum of $3,120.00, "double the sum found for his damages" as well as $1,560.00 per month for "double the sum found per month for rent and profits," from January 6, 2004 onwards until the premises were returned to Landlord. The trial court also awarded Landlord attorney's fees.

Tenant moved to set aside the default judgment. The judgment was set aside, and the case was tried on March 31, 2004, before an associate circuit judge. Landlord and Tenant both appeared and presented evidence. The case was apparently not heard on the record. The trial court found Tenant did not pay rent for December 2003 or January 2004, and Landlord was required to take legal action to remove Tenant. The trial court entered judgment in favor of Landlord and ordered Tenant to pay $1,274.00 in damages plus $340.00 in attorney's fees. No post-trial motions were filed, and Tenant did not apply for a trial de novo. Tenant now appeals from that judgment.

■ The right to appeal is purely a statutory right, and where the statute does not give right to appeal, no right exists. *Farinella v. Croft*, 922 S.W.2d 755, 756 (Mo. banc 1996) (quoting *Christman v.*

*Richardson*, 818 S.W.2d 307, 308 (Mo.App. 1991)). Trials de novo and appeals on unlawful detainer actions are permitted and conducted in the manner provided for in Chapter 512. Section 534.380 RSMo (Cum.Supp.2003).[1] Appeals from cases tried before associate circuit judges are governed by section 512.180. Section 512.180; *see also Farinella*, 922 S.W.2d at 756. Section 512.180.1 grants an aggrieved party in a civil case tried without a jury the right to a trial de novo "in all cases where the pleading claims damages not to exceed three thousand dollars" unless the judge was sitting in the probate division or had been assigned to hear the case on the record under procedures applicable before circuit judges. Section 512.180.2 states that in all other contested civil cases tried before an associate circuit judge "a record shall be kept and any person aggrieved by a judgment rendered in any such case may have an appeal upon that record to the appropriate appellate court." *See also Farinella*, 922 S.W.2d at 756.

Where an action for damages not exceeding $3,000.00 is tried without a jury before an associate circuit judge, the aggrieved party's only recourse is to apply timely for a trial de novo. Section 512.180.1. *See Kohnen v. Hameed*, 894 S.W.2d 196, 199 (Mo.App.1995). However, section 512.180 is silent as to when the court ascertains the amount of damages claimed. *See Farinella*, 922 S.W.2d at 756. Unlawful detainer petitions and rent and possession petitions pray for damages due to the date of the judgment because the respective statutes for those actions provide that if the verdict is in favor of the complainant then damages will be due up to the date of the judgment. Sections 534.310, 534.330, and 535.040. *See also Farinella*, 922 S.W.2d at 756. Despite the

---

1. All further statutory citations are to RSMo    (Cum.Supp.2003) unless noted otherwise.

open-ended nature of petitions for such actions, the amount of damages claimed will be known at the time of the hearing on such petitions. *See Farinella,* 922 S.W.2d at 756. If the amount due exceeds the statutory limit set in section 512.180, the court and the parties know that the trial will be on record and that appeal lies with this Court. *Id.*

The open-ended nature of unlawful detainer petitions and of rent and possession petitions does not preclude all trials de novo. *See* sections 534.380, 535.110; *see also Farinella,* 922 S.W.2d at 756. Pleadings in associate circuit court are to be informal, unless the court in its discretion directs otherwise. Section 517.031. The Missouri Supreme Court determined in *Farinella,* 922 S.W.2d at 756 that "[e]valuating the petition to determine the amount of damages at the time of hearing harmonizes the related statutes on rent and possession, appeals from the associate circuit division, and procedure in the associate circuit divisions." The same logic applies to unlawful detainer petitions.

 Proper appeal from a judgment entered by an associate circuit judge rests not on labels but rather on the facts. *Farinella,* 922 S.W.2d at 757 (quoting *Federated Mortgage & Investment Co. v. Jones,* 850 S.W.2d 113, 115 (Mo.App.1993)). The analysis in each case must be fact specific to determine if the facts bring the case within section 512.180.1 or section 512.180.2. *Farinella,* 922 S.W.2d at 757. This Court reads the petition in the light most favorable to the plaintiff as of the date of the hearing. *See Farinella,* 922 S.W.2d at 757. Under this standard, the petition claimed damages of $1,274.00, an amount that did not exceed $3,000.00. Further, the trial court treated the case as one in which trial de novo would be available, and preserved no record for appellate review. *See State ex rel. JCA Architects, Inc. v. Schmidt,* 751 S.W.2d 756, 758 (Mo. banc 1988); *A–AABCAA Plumbing, Inc. v. Levin,* 821 S.W.2d 131, 132 (Mo.App.1992). Tenant had a right to a trial de novo in circuit court, not an appeal to this Court. The only authority this Court has in an appeal without statutory sanction is to enter an order dismissing the appeal. *Farinella,* 922 S.W.2d at 757–58 (quoting *Aldridge v. First Financial Insurance Co.,* 828 S.W.2d 734, 735 (Mo.App.1992)).

Appeal dismissed.[2]

**2.** Landlord's motion to dismiss for Tenant's failure to comply with Rule 84.04 is denied as moot. Tenant's motion for summary judgment is also denied.