

In the
**Missouri Court of Appeals**
**Western District**

| | |
|---|---|
| **JOEMO HOLDINGS, LLC,** | |
| **Respondent,** | **WD85113** |
| v. | **OPINION FILED:** |
| **UNIQUE CREATIONS SALON, LLC, AND ADAM MEISINGER AND TAMARA MEISINGER,** | **DECEMBER 6, 2022** |
| **Appellants.** | |

**Appeal from the Circuit Court of Buchanan County, Missouri**
**The Honorable Keith Bradley Marquart, Judge**

**Before Division Three: Karen King Mitchell, Presiding Judge, Cynthia L. Martin, Judge, Anthony Rex Gabbert, Judge**

Unique Creations Salon, LLC appeals the judgment of the Buchanan County Circuit Court. It claims in four points on appeal that the court erred in enforcing a jury waiver provision, not permitting closing argument, not granting a continuance, and permitting evidence of attorney's fees. The appeal is dismissed, and the matter is remanded for a determination of appellate attorney's fees.

## Facts

Unique Creations Salon, LLC ("Tenant") is a hair salon owned by Adam and Tamara Meisinger. On February 26, 2018, Joemo Holdings, LLC ("Landlord") and Tenant entered into a lease agreement for property in St. Joseph, Missouri. Tenant agreed to make monthly rent payments to Landlord, and Landlord agreed, among other things, to maintain the roof and keep the HVAC system in good working order.

On November 11, 2020, Landlord brought suit against Tenant for rent and possession pursuant to chapter 535.[1]  Landlord sought possession of the property, past due rent, and attorney's fees.  On December 8, 2020, Tenant filed its answer and counterclaims for negligence and breach of contract arguing that they were damaged by Landlord's failure to maintain the premises.  Tenant filed a demand for jury trial on that same date.  On December 23, 2020, Landlord filed a motion to enforce the waiver of jury trial contained in the lease.  On that same date, Landlord filed a motion for separate trial.  Landlord asked that the rent and possession action under chapter 535 be separated from Tenant's counterclaims for negligence and breach of contract.  Tenant opposed separating the claims into different trials.  The trial court granted Landlord's motion to enforce the jury waiver provision found in the lease.  The trial court denied the motion to separate the trial.

Tenant surrendered possession of the property in February 2021.  After multiple continuances, the matter was set for bench trial on December 13, 2021.  Tenant did not appear on the day of trial.  Counsel for Tenant asserted that one owner was in the hospital due to complications from COVID-19 and the other was quarantined.  Counsel for Tenant made an oral motion for continuance which was denied by the trial court.  Counsel for Tenant made another motion for continuance at the conclusion of Landlord's case in chief.  That motion was also denied.

The trial court found in favor of Landlord and dismissed Tenant's claims with prejudice.  This appeal follows.

## Jurisdiction

"We are obligated to examine, *sua sponte*, whether we have jurisdiction to consider an appeal." *Needy v. Hammond*, 601 S.W.3d 312, 313 (Mo. App. E.D. 2020) (internal quotation marks

---

[1] All statutory citations are to RSMo 2016 as supplemented unless otherwise stated.

omitted). "If this Court lacks jurisdiction to entertain an appeal, the appeal must be dismissed." *Id.* (internal quotation marks omitted). "In Missouri, the right to appeal is purely statutory, and where a statute does not give a right to appeal, no right exists." *Id.* (internal quotation marks omitted). Following the entry of judgment in a landlord-tenant action, section 535.110 states in relevant part: "Applications for trials de novo and appeals shall be allowed and conducted in the manner provided in chapter 512[.]" The relief available to a party aggrieved by a judgment in a civil case tried before an associate circuit judge is governed by section 512.180. *Id.* Section 512.180 states in relevant part:

> 1. Any person aggrieved by a judgment in a civil case tried without a jury before an associate circuit judge … shall have the right of a trial de novo in all cases tried before municipal court or under the provisions of chapter 482 or 535.
>
> 2. In all other contested civil cases tried with or without a jury before an associate circuit judge … a record shall be kept, and any person aggrieved by a judgment rendered in any such case may have an appeal upon that record to the appropriate appellate court.

Tenant, the appellant in this case, claims that a direct appeal to this court is proper. It argues that its counterclaims for negligence and breach of contract changed the nature of the case so that it was not tried under chapter 535 as described in section 512.180.1. Landlord argues that Tenant should have sought a trial de novo instead of a direct appeal to this court because the underlying case was tried without a jury before an associate circuit judge under chapter 535. It notes that the compulsory-counterclaim rule does not apply to rent and possession actions. *Rahman v. Matador Villa Associates*, 821 S.W.2d 102, 103 (Mo. banc 1991). A tenant may make a claim against the landlord arising from the same transaction or occurrence in a separate action outside the chapter 535 proceeding. *Id.* Landlord maintains that, when Tenant objected to separating the

3

counterclaims from the rent and possession proceedings, Tenant made those claims part of the chapter 535 proceeding within the meaning of section 512.180.1.

In *Fannie Mae v. Truong*, 361 S.W.3d 400, 402 (Mo. banc 2012), Fannie Mae filed a petition for unlawful detainer. The version of section 512.180.1 in effect at the time provided that "[a]ny person aggrieved by a judgment in a civil case tried without a jury before an associate circuit judge ... shall have the right of a trial de novo in all cases tried ... under the provisions of chapters 482, 534, and 535, RSMo." Unlawful detainer is found in chapter 534. The defendant raised constitutional challenges before the trial court which were denied. *Id*. at 403. Summary judgment was entered in favor of Fannie Mae. *Id*.

The defendant directly appealed to the Missouri Supreme Court arguing that it had exclusive jurisdiction to address his constitutional claims. *Id*. at 404. Fannie Mae argued that the Supreme Court lacked jurisdiction under section 512.180.1. *Id*. at 403. The Missouri Supreme Court acknowledged it had "exclusive jurisdiction to determine the constitutional validity of a state statute." *Id*. at 404. "However, proper appeal from a judgment entered by an associate circuit judge rests on the facts and not on labels." *Id*. (internal quotation marks omitted).

"This Court must conduct a fact-specific inquiry to ascertain if the facts bring the case within section 512.180.1 or section 512.180.2." *Id*. "Then it can be determined whether the case is properly before this Court." *Id*. "The primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to the intent if possible, and to consider the words in their plain and ordinary meaning." *Id*.

Referencing the version of section 512.180 in effect at the time, the court stated that "[a] plain reading of the express statutory language of section 512.180.1 requires the aggrieved party to apply for a trial de novo when there is a judgment entered in a civil case tried without a jury

4

before an associate circuit judge under the provisions of chapters 482, 534, and 535….” *Id*. It concluded that “[i]t is undisputed [the defendant] was aggrieved by the associate circuit division’s judgment entered against him in Fannie Mae’s unlawful detainer action, which is governed by chapter 534.” *Id*. “[T]he associate circuit judge granted Fannie Mae’s motion for summary judgment, which fully disposed of the unlawful detainer action and denied [the defendant’s] constitutional and procedural claims.” *Id*. The Missouri Supreme Court concluded that, according to the “clear statutory language of section 512.180.1, [the defendant] was required to apply for a trial de novo, not seek an appeal to this Court.” *Id*.

A prior version of section 512.180 provided that “[i]f the petition for rent and possession claims damages not exceeding five thousand dollars, appellant's sole recourse is a trial de novo.” *Farinella v. Croft*, 922 S.W.2d 755, 756 (Mo. banc 1996). The petition in that case asked for “rent to the date of judgment” and the tenant argued that such language “left open the possibility of damages exceeding five thousand dollars, making section 512.180.1 inapplicable.” *Id*. The landlord argued that the “damages ascertained at the date of trial did not exceed five thousand dollars; therefore, section 512.180.1 governs appeal and appellant is entitled only to a trial de novo.” *Id*.

In determining when the amount of damages is evaluated, the Missouri Supreme Court stated that, in rent and possession cases, “[t]he petition is claiming rent due at the time of the hearing, which in most instances will be the date of judgment.” *Id*. “The amount of damages claimed will, therefore, be known at the time of hearing.” *Id*. “If the rent then due exceeds five thousand dollars, the court and the parties know the trial will be on record and appeal lies with the court of appeals.” *Id*. “Evaluating the petition to determine the amount of damages at the time of hearing harmonizes the related statutes on rent and possession, appeals from the associate circuit

5

division, and procedure in the associate circuit division." *Id*. at 757. "The analysis in each case must be fact specific to ascertain if the facts bring the case within section 512.180.1 or section 512.180.2." *Id*. The court concluded that, on the date of the hearing, the petition sought damages less than five thousand dollars, and the tenant had a right to a trial de novo and not a direct appeal. *Id*.

In the current case, Landlord brought suit under chapter 535. Landlord received a judgment under chapter 535. Section 512.180.1 does not state that that the judgment must be entered *only* under chapter 535. Moreover, to the extent that Tenant voluntarily asserted counterclaims outside the scope of chapter 535 in the same proceeding, Tenant subjected itself to the provisions of section 512.180.1. Under the specific facts of this case, Tenant is "aggrieved by a judgment in a civil case tried without a jury before an associate circuit judge … under the provisions of chapter …. 535." Section 512.180.1. Thus, Tenant was entitled to a trial de novo and this court lacks statutory authority to entertain the current appeal.

### Conclusion

Pursuant to section 512.180.1, Tenant should have sought a trial de novo. The appeal is dismissed, and the matter is remanded for a determination of appellate fees.[2] *Whispering Lakes Apartments v. Brooks*, 156 S.W.3d 362, 365 (Mo. App. E.D. 2004).

_____
Anthony Rex Gabbert, Judge

All concur.

_____

[2] Landlord filed a motion with this court for attorneys' fees incurred while defending this appeal. The motion is granted. "[W]hile appellate courts have the authority to award attorney fees on appeal, because the trial court is better equipped to hear evidence and determine the reasonableness of the fee requested, we remand to the trial court to determine a reasonable award of attorney['s] fees on appeal. *Gray v. Missouri Dept. of Corrections*, 635 S.W.3d 99, 108 (Mo. App. W.D. 2021).