

# Missouri Court of Appeals
## Southern District

### In Division

ROSE MARIE LEMMO, )
)
    Petitioner-Respondent, )
)
v. )    No. SD37972
)
TIMOTHY LLOYD NOBLES, )    **Filed:  December 5, 2023**
)
    Respondent-Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF TANEY COUNTY

Honorable Eric D. Eighmy

**<u>APPEAL DISMISSED</u>**

This appeal arises out of a contested child-custody-modification case, in which the circuit court entered its written judgment on May 11, 2022 ("the modification judgment"). Timothy Lloyd Nobles ("ex-Husband"), and Rose Marie Lemmo, previously known as Rose Marie Nobles ("ex-Wife"), filed competing motions to hold their ex-spouse in contempt for failing to comply with the requirements of their underlying dissolution judgment.  In two points on appeal, ex-Husband challenges the circuit court's purported "amendment" of the modification judgment that added a deadline for ex-Husband to make an ordered payment and included an additional award of $2,000 in attorney fees to ex-Wife.

1

Because ex-Husband challenges actions of the circuit court that are not set forth in a judgment, decree, or appealable order, we lack appellate jurisdiction over the dispute and must dismiss the appeal.

**Procedural History**

In June 2018, the circuit court entered a Judgment and Decree of Dissolution of Marriage that dissolved the marriage between ex-Husband and ex-Wife, awarded the parties joint legal and joint physical custody of their sole minor child, and awarded parenting time as set forth in the judgment's incorporated Parenting Plan. In April 2021, ex-Wife filed a motion to modify the Parenting Plan, and ex-Husband subsequently filed a counter motion to modify, along with a motion for contempt. Ex-Wife then filed a motion for attorney fees in June 2021.

After a trial, the circuit court entered the modification judgment on May 11, 2022. The modification judgment awarded $10,000 in attorney fees to ex-Wife, and it granted her motion for contempt, which ordered ex-Husband to pay ex-Wife $18,105 within 90 days of the entry of the modification judgment. On September 21, 2022, ex-Wife filed a motion for contempt based upon ex-Husband's failure to comply with the terms of the dissolution judgment and sought additional "reasonable attorney fees for this action[.]"

On February 22, 2023, following a "case review" hearing, the circuit court entered the following docket entry:

> Court having taken the matter under advisement rules as follows. From the argument and motion practice filed in this case it appears that [ex-Husband] did not pay the ordered amounts in the 5-11-22 judgement [sic] of this court. Nor did [ex-Husband]'s counsel request through motion practice an extension of time. Court finds that the order of 10,000 in attorney's fees was *intended* by the court to be paid with the other monetary awards within 90 days but by omission of the court that deadline was not included. The court on it's [sic] own motion amends its judgment of 5-11-22 and places a 90 day deadline for

2

payment pursuant to 74.06(a). The time for the payment of said monies shall start upon the court executing the proposed order to be filed by [ex-Wife's attorney] in this case. Further the [$]2,000 award of attorney's fees shall be paid within 120 days of the order being signed. These awards are final for purposes of appeal should either party wish to have it reviewed.[1] The court places these timelines for the awards based upon the prior actions of [ex-Husband] and his reluctance to pay other judgments of the court in this case and it's [sic] underlying cases. Judge Eighmy. /rg [(Emphasis added.)]

On March 30, 2023, 323 days after the modification judgment was entered, the circuit court entered an **ORDER AMENDING JUDGMENT AND DECREE OF MODIFICATION**[2] ("Order Amending Modification Judgment") that ordered ex-Husband to pay ex-Wife's attorney fees within 90 days after the date on which the Order Amending Modification Judgment was signed, along with an order to pay an additional $2,000 in attorney fees within 120 days of the signing date.[3]

### Analysis

"[A]n appellate court has a duty to *sua sponte* determine if it has authority to entertain an appeal." *Emerald Pointe, LLC v. Taney Cnty. Plan. Comm'n*, 660 S.W.3d 482, 486 (Mo. App. S.D. 2023) (quoting *Hall v. Wal-Mart Stores, Inc.*, 287 S.W.3d 714,

---

[1] "The designation by a trial court that its order is final and appealable is not conclusive." *Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997).

[2] Although the full title of the order includes the words "judgment" and "decree[,]" ex-Husband does not claim that its inclusion turned the Order Amending Modification Judgment into an appealable decree, and the context of its use reveals that it was included simply to identify the May 11, 2022 modification judgment by its title, which was "JUDGMENT AND DECREE OF MODIFICATION[.]"

[3] The "Order Amending Modification Judgment" states, *in toto*:

THIS CAUSE came before the Court on March ___, 2023, upon the Court's Order of February 22, 2023, as identified by docket entry, regarding payment of attorney fees.

The Court finds that the Order of $10,000.00 in attorney's fees as outlined in the [modification judgment] was *intended* by the Court to be paid with the other monetary awards within 90 days, but by omission of the Court, that deadline was not included. The Court on its own Motion amends its Judgment of May 11, 2022 and places a 90-day deadline for payment, pursuant to [Rule] 74.06(a). The time for the payment of said monies shall start upon this Order being signed.

Further, the $2,000.00 award of attorney's fees shall be paid within 120 days of this Order being signed [(emphasis added)].

3

715 (Mo. App. S.D. 2009)).  "The right to appeal is purely statutory, and where a statute does not give a right to appeal, no right exists." ***Dunn Indus. Grp., Inc. v. City of Sugar Creek***, 112 S.W.3d 421, 427 (Mo. banc 2003) (quoting ***Farinella v. Croft***, 922 S.W.2d 755, 756 (Mo. banc 1996)).  "Section 512.020[4] governs appeals and states that an appeal is only allowed from a final judgment of the trial court." ***Jackson Cnty. v. McClain Enters., Inc.***, 190 S.W.3d 633, 637 (Mo. App. W.D. 2006); section 512.020 ("Any party to a suit aggrieved by any judgment . . . may take his or her appeal to a court having appellate jurisdiction from any:  . . . [f]inal judgment in the case").[5]

In his first point on appeal, ex-Husband claims:

> The trial court erred by amending the [modification] judgment[6], to include a date certain for payment of attorney fees, after hearing a motion for contempt in February 2023, because: 1. the Court lacked jurisdiction in that the [modification] judgment was final 30 days after its entry when no post judgment motions were timely filed;[7] 2. Said amendment by the Court did not accurately express the history of the proceedings that actually occurred on the record as there is no recorded evidence in the Court file that the Court intended to set a 90 day period to pay said fees in [May] 2022[.]

Point 2 claims:

> The trial court erred in [g]ranting $2,000.00 attorney fees in [ex-Wife]'s contempt action because Missouri adheres to the American Rule for attorney fees and in this case, 1. the attorney fees or special damage request were not specifically plead [sic] 2. No substantive evidence or a chance to cross examine witnesses was permitted taken or recorded on any issue,

---

[4] Unless otherwise indicated, all statutory citations are to RSMo 2016, including, as applicable, statutory changes effective January 1, 2017.

[5] Some statutes allow certain interlocutory orders to be appealed, but ex-Husband does not claim that any of them apply in this case.

[6] Ex-Husband's notice of appeal purports to challenge a "judgment/decree/order" entered on February 22, 2013.  No such judgment, decree, or order is contained in the legal file.  Further, no judgment in this case was entered in April 2022.  Based upon the legal file and the appendix to ex-Husband's brief, we presume that ex-Husband meant to refer to the May 11, 2022 modification judgment.

[7] Ex-Husband actually timely filed an authorized after-trial motion to amend the judgment on June 7, 2022. That motion was overruled by rule when 90 days had passed without any ruling on the motion by the circuit court, *see* Rule 78.06, and the judgment became final at that time.  Pursuant to Rule 81.04(a), a notice of appeal was due 10 days thereafter on September 15, 2022.  Unless otherwise indicated, all rule citations are to Missouri Court Rules (2023).

including attorney fees 3. without evidence, [ex-Wife] could not have met her burden; with no evidence and no burden of proof being met, the attorney fees award was against the logic of the circumstances and against the weight of the evidence.

We agree with ex-Husband's contention that the circuit court lacked the authority to "amend" the May 11, 2022 modification judgment, which became final 90 days after the circuit court failed to rule on ex-Husband's authorized post-trial motion. *See* ***State ex rel. AJKJ, Inc. v. Hellman***, 574 S.W.3d 239, 242 (Mo. banc 2019) ("[A] circuit court loses jurisdiction over a case when a judgment becomes final. Following divestiture, any attempt by the trial court to continue to exhibit authority over the case, whether by amending the judgment or entering subsequent judgments, is void"[8]) (internal quotations and citations omitted), but for the following reason, we are unable to review ex-Husband's complaints for any merit that they might have.

What ex-Husband actually challenges is not the modification judgment, which became final and was not timely appealed by either party. Instead, ex-Husband seeks to challenge the award of attorney fees granted in favor of ex-Wife in the "Order Amending Modification Judgment" – an order that was not denominated a "judgment" or "decree[.]" *See* Rule 74.01(a) ("A judgment is entered when a writing signed by the judge and denominated 'judgment' or 'decree' is filed").

In the absence of an appealable judgment or order, we have no jurisdiction over the matter and hereby dismiss the appeal.

DON E. BURRELL, J. – OPINION AUTHOR
JACK A. L. GOODMAN, J. – CONCURS
JENNIFER R. GROWCOCK, J. – CONCURS

---

[8] In addition, after an order modifying child custody is final (here, the modification judgment), a new motion to modify under section 452.410 is required to bring that subject matter back under the jurisdiction of the circuit court. *See* ***T.L.I. v. D.A.I.***, 810 S.W.2d 551, 554 (Mo. App. E.D. 1991).