David Keith PAULSON,
Plaintiff-Respondent,

v.

DIRECTOR OF REVENUE, State of Missouri, Defendant-Appellant.

No. 68500.

Supreme Court of Missouri,
En Banc.

Feb. 17, 1987.

William L. Webster, Atty. Gen., William E. Paasch, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, St. Louis, for defendant-appellant.

Robert E. Metzler, St. Louis, for plaintiff-respondent.

PER CURIAM.

The defendant sought reinstatement of his driver's license. Following trial a memorandum on a form provided by the court to counsel was signed by the attorneys for the parties, reading as follows:

> Cause called. Petitioner appears by attorney. Respondent appears by attorney. Cause heard. Court because of prejudicial filing of information contained within court file sustains Petitioner's Petition. Deft. Department of revenue ordered to reinstate petitioners License and to remove from said records any suspension of Driving privileges based on the alleged arrest of 2/2/85.

The memorandum was filed among the papers in the case, as is shown by the certificate of the circuit clerk. At the bottom, the phrase, "So ordered," is printed, but there is no signature.

The memorandum was copied literally onto a sheet entitled "MINUTES OF PROCEEDINGS," which contains a cumulative record of the proceedings in this case. At the end of the entry appears, "So ordered. Samuel J. Hais, Judge. (J.K.)"

The next entry in the "Minutes of Proceedings" reads "8–9–85 1 copy of order and petition sent to D.O.R. K.R."

The defendant Director of Revenue appealed to the Court of Appeals, Eastern District, which dismissed the appeal by order for the reason that "no final order from the Circuit Court, signed by the judge of that court, is before us, ..." citing *Taylor v. F.W. Woolworth Company*, 641 S.W.2d 108, 110[1] (Mo. banc 1982). That case does not deal with the form of orders, but rather with the power of an appellate court to remand for ruling on motion for new trial and does not answer the problem before us.

We granted transfer because of confusion as to the requirements of entry of a final judgment. We conclude that the record certified to us demonstrates that a final judgment had been entered.

 Neither the state statutes nor our rules specify the requirements for entry of a final judgment. There is, specifically, no requirement that a judgment bear the manuscript signature of a judge. No uniform practice is prescribed, and local procedures vary. We approve of the test of *Magee v. Mercantile-Commerce Bank & Trust Co.*, 339 Mo. 559, 561, 98 S.W.2d 614, 616 (1936), as follows:

> a judgment is sufficient to support an appeal 'when it appears to have been intended by some competent tribunal as the determination of rights of the parties to an action and shows in intelligible language the relief granted.'

(quoting *Stith v. J.J. Newberry Co.*, 336 Mo. 467, 495, 79 S.W.2d 447, 461 (1934)) (cited with approval in *Byrd v. Brown*, 641 S.W.2d 163, 167 (Mo.App.1982)).

 Appellate courts rely on the record certified to them. The memorandum shows the approval by counsel of the form of judgment apparently directed by the court. The memorandum was placed in the court's official file, and copied into the permanent record of proceedings. If a signature is necessary the signature in the minutes, apparently made by a clerk, is sufficient. It is usual, in this Court and others, for clerks to authenticate acts of the court, including orders and judgments. The entry was acted upon as though it were a final judgment, by transmittal to the Director of Revenue. It is patent that the circuit court had acted with finality, and had done all that it proposed to do with the case. The certified record shows this.

We see no good in analyzing the multifarious cases on the sufficiency of a judgment entry. Future cases may be tested against the standard here enunciated.

The case is retransferred to the Court of Appeals, Eastern District, for determination on the merits.

HIGGINS, C.J., and BILLINGS, BLACKMAR, DONNELLY, ROBERTSON and RENDLEN, JJ., concur.

WELLIVER, J., concurs in result.