**David Keith PAULSON, Plaintiff-Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Defendant-Appellant.**

**No. 50595.**

Missouri Court of Appeals, Eastern District, Division Four.

July 7, 1987.

Motion for Rehearing and/or Transfer Denied Aug. 13, 1987.

Application to Transfer Denied Sept. 15, 1987.

William L. Webster, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Jefferson City, for defendant-appellant.

Robert E. Metzler, St. Louis, for plaintiff-respondent.

KELLY, Judge.

The Director of the Missouri Department of Revenue appeals from a judgment issued by the St. Louis County Circuit Court after a trial de novo ordering the reinstatement of the license of respondent David Keith Paulson. We originally dismissed the appeal for lack of jurisdiction based on the failure of the trial court judge to have signed his order.

The Missouri Supreme Court, which accepted transfer because of the confusion over the requirements for entry of a final judgment, concluded that a final judgment had been entered and retransferred the case to us for our determination on the merits of the appeal, 724 S.W.2d 511. We affirm the judgment of the trial court.

Respondent David Keith Paulson was arrested for driving while intoxicated. He submitted to a breath test, which allegedly revealed that respondent's blood alcohol content was greater than .13 of one percent. Pursuant to § 302.525 RSMo 1978, the Director of Revenue suspended respondent's driving privileges. Respondent requested an administrative review of the suspension. After a hearing, the administrative hearing officer sustained the suspension.

Respondent then filed in the Circuit Court of St. Louis County a petition for a trial de novo of the revocation as provided by § 302.535 RSMo 1978. At the trial de novo, appellant began to conduct a direct examination of a Missouri State Highway Patrolman concerning his activities on the night respondent was arrested when the trial judge took the proceedings off the record. Although no further proceedings were recorded, the court subsequently ordered the reinstatement of respondent's license.

We note at the outset that respondent has not filed a brief in this court. Failure of a respondent to file a brief is an imposition on this court and leaves us dependent upon appellant's presentation and our own research. However, because no penalty is imposed by statute or rule, we will proceed to determine the case on its merits. *Olsen v. Bernie's Inc.*, 296 S.W.2d 3, 5 [1] (Mo. 1956).

Appellant's sole point on appeal is that the trial court erred in sustaining respondent's petition and ordering the reinstatement of his driving privileges on the grounds that the court file contained prejudicial information. The appellant contends that the trial judge should have recused himself from the proceeding, because his impartiality might reasonably be questioned. The trial court's order reads as follows:

Cause called. Petitioner appears by attorney. Respondent appears by attorney. Cause heard. *Court because of prejudicial filing of information contained within the court file sustains Petitioner's Petition.* Deft. Department of Revenue ordered to reinstate petitioners License and to remove from said records any suspension of Driving privileges based on the alleged arrest of 2/2/85. (emphasis added).

The alleged "prejudicial filing of information contained within the court file" is not set out in the legal file, the transcript, nor appellant's brief. Moreover, appellant has failed to include the court file for our review.

We are left to speculate what prejudicial information is contained within the court file. Furthermore, we are provided no inkling why appellant contends the ruling was prejudicial.

We have scoured appellant's brief, the transcript on appeal, the sparse legal file, and the citations of authority without detecting any reason why the trial court did not reach the proper result in this cause. Therefore, the judgment of the trial court is affirmed.

CRANDALL, P.J., and PUDLOWSKI, J., concur.