**STATE ex rel. JCA ARCHITECTS, INC., Relator,**

v.

**The Honorable Gary SCHMIDT, Judge, Circuit Court, Moniteau County, et al., Respondents.**

No. 69938.

Supreme Court of Missouri, En Banc.

June 14, 1988.

David A. Johnston, Craig A. Van Matre, Columbia, for relator.

W. Gary Drover, Camdenton, for respondents.

BLACKMAR, Judge.

The relator filed a suit to enforce an architect's lien in the Associate Division of the Circuit Court of Camden County. The petition sought recovery of $2,615.94 plus attorneys' fees, plus interest. The defendants filed a counterclaim for $11,000. The case came on for trial before The Honorable Mary Dickerson, Associate Circuit Judge, who entered judgment for the defendants on the lien claim, and also for the defendants on the counterclaim for $1000 actual and $2000 punitive damages. The court treated the case as one in which trial de novo was authorized under § 512.180, RSMo 1986, which reads as follows:

> 1. Any person aggrieved by a judgment in a civil case tried without a jury before an associate circuit judge, other than an associate circuit judge sitting in the probate division or who has been assigned to hear the case on the record under procedures applicable before circuit judges, shall have the right of a trial de novo in all cases where the petition claims damages not to exceed five thousand dollars.

No stenographic or electronic record of the trial was preserved.

Judgment was entered May 19, 1987. On May 29, 1987, the plaintiff filed an "application for trial de novo" in the office of the circuit clerk, but did not at the time of filing pay the filing fee of $45.00 authorized by § 483.530(8), RSMo 1986, as required by Rule 5(1) of the rules of the Circuit Court of Camden County, reading as follows:

No clerk shall accept any petition or other original pleading unless the filing fee, as aforesaid, has been paid; provided however, this provision shall not apply in cases filed in forma pauperis in compliance with Supreme Court rule or in cases of a type for which the amount of filing fee is specified by statute or Supreme Court rule or order.

The fee was paid on June 4, 1987, which was more than ten days from the entry of the judgment giving rise to the request for trial de novo. Under date of September 8, 1987, the circuit court declared that the action would be dismissed on September 28, 1987, "absent writ from a higher court," because the filing fee was not paid before the time allowed by § 512.190.1 for filing the application for trial de novo had expired. Mandamus was sought in the Court of Appeals, Southern District, which denied the petition. The application was renewed in this Court and we issued our alternative writ, which we now make peremptory.

■ The right of trial de novo is conferred by § 512.190.1, which reads in pertinent part as follows:

1. The right of a trial de novo provided in subsection 1 of section 512.180 shall be perfected by filing an application for trial de novo with the clerk serving the associate circuit judge within ten days after the judgment is rendered....[1]

The statute makes no reference to the payment of a filing fee. The Circuit Court is without power to impose jurisdictional requirements in addition to those set out in the statutes. *Cf. Meadowbrook Country Club v. Davis,* 421 S.W.2d 769 (Mo. banc 1967), holding that a circuit court could not condition the right to trial by jury in an appeal from a then-existing magistrate court on the payment of the costs of the jury by the appellant. *See also, Puckett v. Swift & Co.,* 229 S.W.2d 713 (Mo.App.1950), pointing out that local rules must be consistent with the statutes and Supreme Court rules. The plaintiff's filing on May 29, 1987, was in full compliance with all statutory jurisdictional requirements, and the circuit court had the mandatory duty to proceed with the trial de novo, even though the filing fee was not paid until after the time for filing the application for trial de novo had expired.

The respondents contend that § 483.530(8) requires the payment of the $45.00 filing fee. While the fee is required, payment at any particular time is not made a jurisdictional prerequisite. If it were a jurisdictional prerequisite the legislature would have explicitly so provided, as was done in § 512.050, RSMo 1986, (the foundation for Rule 81.04(c)), which provides that the docket fee must be paid at the time a notice of appeal to an appellate court is filed. Our holding does not preclude the court from imposing sanctions on litigants who do not comply with the statutes and rules. Here, however, the fee had been paid at the time the circuit court took steps to dismiss the appeal.

The plaintiff-relator, in a somewhat anomalous argument, suggests that the associate circuit court had not entered a formal judgment, and so the time for appeal had not yet expired. The docket entry reads as follows:

Case called. Plaintiff appears by David Johnston, individual Defts appear w/ & by atty Drover; [defendant] corp. appear by atty Drover. Plaintiff presents evidence & rests. Defts move for directed verdicts on all Counts. As to Count I court directs a verdict in favor of all defts since the real estate was owned by the corp. but no notice was sent to the corp of intent to file lien; that the notice was not in Type 10 Bold print; that work ended 8/28/85 & therefore no notices were w/in time. Court takes up counterclaim. Defts present evidence. Closing stmts made. Court finds Defts have carried their burden of proof and that damages were sustained by Defts. Court enters judgment on counterclaim in favor of Defts and against plaintiff for $1000 actual damages. Court further finds

---

1. The statute was amended effective January 1, 1987, to substitute "trial de novo" for "new tri-

al."

that Plaintiff refused to release the lien even after it knew the individual owners were not the owners of the property. Therefore court finds plaintiff acted wilfully & maliciously. Defts awarded punitive damages of $2000. Costs taxed to plaintiff. MD

This entry fully sets out the court's action on the petition and the counterclaim. Nothing more is required. Final judgment had been entered. *See Paulson v. Director of Revenue*, 724 S.W.2d 511 (Mo. banc 1987).

■ The defendants argue that the plaintiff's only remedy was by appeal to the court of appeals rather than by trial de novo in the circuit court, because the damages claimed exceed $5000. The petition mentions only the sum of $2,615.94, but it is suggested that the addition of claims for attorneys' fees and interest would permit a possible recovery in excess of $5000. The defendants also argue that the prayer for $11,000 in the counterclaim must be considered in determining the proper forum for appellate review. By the plain language of § 512.180, the guideline is provided by the "damages" claimed in the "petition." Judge Dickerson, furthermore, treated the case as one in which trial de novo would be available, and preserved no record for appellate review.

The respondent should proceed with the trial de novo. Our alternative writ of mandamus is made peremptory to this end.

All concur.