**Shelby HARRIS, Appellant,**

v.

**Raul MUNOZ, et al, Respondents.**

**No. WD 56360.**

Missouri Court of Appeals, Western District.

July 6, 1999.

---

Shelby Harris, Pacific, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., David A. Johnston, Asst. Atty. Gen., Jefferson City, for respondents.

Before Judge LAURA DENVIR STITH, Presiding, Judge HAROLD A. LOWENSTEIN and Judge ALBERT A. RIEDERER.

LAURA DENVIR STITH, Judge.

Mr. Harris filed a claim in small claims court against various persons employed at the prison where he was then incarcerated, alleging that the defendants were responsible for the loss of a Walkman stereo and headphones which had been stolen from him by another inmate. The claim was dismissed, and Mr. Harris filed an application for trial de novo in circuit court. The circuit court dismissed the appeal because it found that Mr. Harris had failed to timely file a partial filing fee as required by the Prisoner Litigation Reform Act, Section 506.369, RSMo Cum.Supp.1997. For the reasons set forth below, we find the trial court improperly dismissed his application for trial de novo, and remand with directions to reinstate the case and to accept Mr. Harris' partial filing fee.

According to Mr. Harris, his expensive headphones and Walkman stereo were taken from him by a fellow prisoner. The guards found a prisoner in possession of Mr. Harris' headphones, and in possession of a Walkman stereo like that which had been stolen from Mr. Harris. They confiscated them and put them in a central location used to store such items. Mr. Harris repeatedly requested that the items be returned to him in accordance with prison policy, but they were not. He filed

a grievance, and prison officials acknowledged error in failing to return the headphones, which apparently the prison had by then lost, but offered him only $6.25 for them and refused to offer him any recompense for the loss of his Walkman stereo since the inmate number had been filed off and the officials claimed they were unable to ascertain whether it was his.

Mr. Harris maintains that the headphones cost $99.99 and that he identified the stereo as his, and therefore he was entitled to far more in settlement of his grievance. He therefore rejected the proposed settlement as inadequate, and filed suit in small claims court for $3,000. On February 15, 1998, he notified the court of a change of address, since he was moved from the Eastern Missouri Correctional Center in Pacific Missouri to the Jefferson City Correctional Center (JCCC) to serve the remainder of his sentence.

The associate circuit judge assigned to Mr. Harris' case dismissed the suit following briefing by the State suggesting that the case should be dismissed because the officials sued were immune from suit under the official immunity doctrine and related doctrines. *See Brummitt v. Springer*, 918 S.W.2d 909 (Mo.App.1996); *Charron v. Thompson*, 939 S.W.2d 885 (Mo. banc 1996). The court rejected Mr. Harris' argument that the official immunity doctrine did not apply because the officers had breached a ministerial duty rather than a discretionary duty since prison regulations required the property to be maintained and returned in a specified manner and this procedure was not accomplished. *See Jungerman v. City of Raytown*, 925 S.W.2d 202 (Mo. banc 1996) (police department's acts of inventorying and securing arrestee's property were ministerial rather than discretionary for purpose of determining whether city was immune from liability).

Mr. Harris filed an application for trial de novo in the circuit court, and asked to be permitted to proceed in forma pauperis. Pursuant to the Prisoner Litigation Reform Act, Section 506.369, the court reviewed Mr. Harris' inmate account, and determined that he had sufficient funds to pay an initial partial filing fee of $4.61. The court entered an order on April 28, 1998, directing Mr. Harris to pay this fee within 30 days or his case would be dismissed without further order of the court.

Although Mr. Harris had properly filed a change of address notice with the court, and all pleadings had contained his proper address, the court's notice requiring Mr. Harris to pay the $4.61 partial filing fee was sent to his old address in Pacific, Missouri. As a result of the court's failure to send its notice to Mr. Harris' last known address, he did not receive the notice for some two weeks after it was sent, and thus had only about two weeks in which to obtain the partial filing fee and forward it to the court. By letter dated May 18, 1998, and marked received by the court on May 28, 1998, Mr. Harris therefore notified the court that he had just received the notice to pay partial filing fee and that he was arranging for it to be sent under separate cover. He requested an extension of time to submit his filing fee due to the delay caused by mailing of the notice to the wrong address, noting that, due to the bureaucratic delay a prisoner encounters in requesting release of funds from an inmate account, he was having to arrange for someone else to send a check for this amount.

Although the court's records show it received this letter on or before May 28, 1998, it did not act on the request for extension of time. Instead, an order was apparently automatically entered on the docket sheet on that date, 30 days after the April 28, 1998 order, without further court consideration of the issue and without signature by the judge. A check for the partial filing fee was received by the court a week later, on June 3, 1998, but the court's clerk returned the money by letter dated June 8, 1998, noting that the suit had already been dismissed.

On July 23, 1998, Mr. Harris filed a motion for relief from the dismissal, again noting that the notice to pay the partial filing fee had been sent to the wrong address, although the court had been notified of his proper address, and that he had remitted the filing fee within 30 days of receipt of the notice. The court denied the motion to set aside its May 28, 1998 order.

Mr. Harris appealed. We dismissed the appeal as premature, noting that neither the court's April 28, 1998 order nor its May 28, 1998 order was denominated a judgment. (And, indeed, we note that the April order was only a contingent order, simply directing the automatic dismissal of the case if a fee were not paid, without further judicial action of any kind, and the May "order" was not even signed by a judge.) On remand, the trial court entered a judgment, dated December 16, 1998, dismissing the case for Plaintiff's failure to pay the initial partial filing fee within 30 days of its April 28, 1998 order. This appeal followed.

■ The State argues that Mr. Harris' appeal should again be dismissed because the judgment was entered without prejudice, and, thus, it is not a final, appealable judgment, because Mr. Harris can refile his suit since it did not constitute an adjudication on the merits. *See, e.g., Wilson v. Unistrut Service Co. of St. Louis, Inc.,* 858 S.W.2d 729, 731 (Mo.App.1993). Here, however, Mr. Harris' suit was an application for de novo consideration following the dismissal of his suit by the small claims court. Such an application must be filed within 10 days of entry of the judgment in the small claims suit. Rule 151.02. Were we to dismiss the appeal, and were Mr. Harris to again file an application for de novo review, we are confident that the State would argue that the appeal was untimely because not filed within the appropriate time period after entry of judgment in the small claims court. In any event, in this case, we find that the entry of judgment was sufficiently final to permit review. *Cf. Chromalloy American Corp.*

*v. Elyria Foundry Co.,* 955 S.W.2d 1 (Mo. banc 1997) (case was final for purposes of appeal where the reason it was dismissed could not be corrected by filing an amended complaint).

■ We find that the trial court abused its discretion in dismissing the suit on the particular facts of this case, and in refusing to reinstate the case when requested. As set forth above, the court gave Mr. Harris 30 days in which to file his partial filing fee of $4.61. The 30–day period is not contained in the statute, and appears to have been adopted by the court on its own authority as a reasonable time period within which to require partial payment to be made. If payment is not made within that time, the case is, in effect, automatically dismissed for failure to prosecute. *Cain v. Buehner and Buehner,* 839 S.W.2d 695 (Mo.App.1992) (trial court has inherent power, in the exercise of judicial discretion, to dismiss a case for failure to prosecute with due diligence).

■ We do not doubt that, in the usual case, 30 days would be an adequate period for payment, and that dismissal for failure to prosecute would be proper in such cases if payment were not made within that time. There is nothing jurisdictional about the 30–day period, however. Thus, where, as here, a court has dismissed for failure to prosecute, and the plaintiff argues that the dismissal was erroneous because plaintiff did proceed within a reasonable time, we review that decision on an abuse of discretion standard. *Cf. Baker v. Felker,* 952 S.W.2d 743, 745 (Mo.App.1997), *citing, Shirrell v. Missouri Edison Co.,* 535 S.W.2d 446, 448 (Mo. banc 1976) (appellate court reviews discretionary ruling under abuse of discretion standard).

Here, the court did not exercise any discretion at all in its initial dismissal of the suit. Rather, as noted above, the dismissal was based on an order entered 30 days earlier, making dismissal automatic if the initial partial filing fee were not filed within 30 days. The dismissal was appar-

ently automatically entered without consideration of the fact that Mr. Harris had written the court within the 30–day period, informed it of the lack of proper notice to him of entry of the court's order, and requested additional time to file the fee. The court never ruled on the motion for additional time. Instead, the case was automatically dismissed per the prior order. When the fee came in just a few days later—and only 3 weeks after Mr. Harris says he actually received notice of the court's order, due to its failure to send the notice to the proper address in its files—the clerk simply returned the check, saying the case was already dismissed.

 These actions constitute a failure by the trial court to exercise the discretion committed to it, and hence constitute an abuse of that discretion. The judge should consider the facts of a particular case before dismissing it for failure to prosecute. *Henningsen v. Independent Petrochemical Corp.*, 875 S.W.2d 117, 118 (Mo.App.1994) (dismissal arbitrary where no effort made to determine facts and no factual support existed for finding of failure to prosecute). Moreover, while the court did apparently consider and deny Mr. Harris motion to set aside filed July 23, 1998, it did so under the wrong standard because of the erroneous belief that its May 28, 1998 dismissal constituted a final judgment which could only be set aside under Rule 74.06. In fact, because it was not a final judgment, but rather simply an interlocutory order of the court, which the court could modify at any time, Mr. Harris was not required to meet the requirements of Rule 74.06 in order to reinstate his case. Given the fact that, by the time the July 23, 1998 motion was entered, Mr. Harris had already tendered the filing fee, and had offered a reasonable explanation for his failure to file it within 30 days of the court's initial order, the court's refusal to modify its earlier order and reinstate the case was an abuse of discretion. *Cf. State ex rel. JCA Architects, Inc. v. Schmidt*, 751 S.W.2d 756, 757 (Mo. banc 1988) (court erred in dismissing case for failure to pay filing fee at time of filing where fee was paid prior to entry of order of dismissal). Its formal dismissal of the case by judgment entry of December 16, 1998, based upon these earlier orders, without specific consideration of any of these issues, was therefore also improper.

For these reasons, we reverse and remand with directions to the trial court to give Mr. Harris a reasonable time in which to file the initial partial filing fee, and to then consider the merits of Mr. Harris' claim against defendants and his claim that the official immunity doctrine does not apply because defendants breached a ministerial duty imposed on them by their own regulations, and such other issues as are raised by the pleadings.

Judge HAROLD L. LOWENSTEIN and Judge ALBERT A. RIEDERER, concur.