**C & F INVESTMENTS, LLC,**
**Plaintiff/Respondent,**

v.

**Janice HALL, Defendant/Appellant.**

**No. ED 84417.**

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 9, 2004.

Susan Marie Alverson, St. Louis, for appellant.

William Francis Whealen Jr., Clayton, for respondent.

### SHERRI B. SULLIVAN, J.

*Introduction*

Janice Hall (Tenant) appeals from a trial court judgment granting a Motion to Dismiss Trial De Novo filed by C & F Investments, LLC (Landlord) because her Application for Trial De Novo was untimely filed. Tenant maintains that her application was timely filed, although her filing

fee was not paid until after the time for filing an application for trial de novo had expired but before the trial court took steps to dismiss her application. We reverse and remand for further proceedings.

### Factual and Procedural Background

Landlord and Tenant entered into a written lease agreement. Tenant vacated the rented premises. Landlord filed a Petition for Rent and Damages against Tenant claiming Tenant owed certain monies for rent, late charges, and damages not exceeding $3,000. On November 17, 2003, the associate circuit judge entered a judgment in favor of Landlord and against Tenant in the amount of $2,297.79 plus court costs.

On November 26, 2003, Tenant filed an Application for Trial De Novo without the filing fee and with an Affidavit in Support of Request to Proceed as a Poor Person. On December 4, 2003, the trial court entered an Order denying Tenant's request to proceed *in forma pauperis*. In its Order, the court stated that the Circuit Clerk "shall file the appeal only on deposit of appropriate fees." On December 15, 2003, Tenant filed another Application for Trial De Novo with the appropriate filing fee.

On January 16, 2004, Landlord filed a Motion to Dismiss Trial De Novo arguing that Tenant's Application for Trial De Novo was untimely filed. On February 26, 2004, the trial court entered its judgment granting Landlord's motion to dismiss and finding that Tenant's December 15, 2003 Application for Trial De Novo was untimely filed. Accordingly, the trial court dismissed Tenant's Application for Trial De Novo with prejudice. The court also stated that the November 17, 2003 judgment remained in full force and effect.

### Discussion

In her point on appeal, Tenant argues that the trial court erred as a matter of law in dismissing her Application for Trial De Novo as untimely filed because the application was filed within ten days after the judgment was rendered.[1]

Section 512.180.1[2] provides in relevant part:

Any person aggrieved by a judgment in a civil case tried without a jury before an associate circuit judge ... shall have the right of a trial de novo in all cases where the pleading claims damages not to exceed three thousand dollars.

Tenant and this case meet the statutory requirements of Section 512.180.1 to have the right of a trial de novo.

Section 512.190.1 provides in relevant part:

The right of trial de novo provided in subsection 1 of section 512.180 shall be perfected by filing an application for trial de novo with the clerk serving the associate circuit judge within ten days after the judgment is rendered.

Section 512.190.1 makes no reference to the payment of a filing fee in order to perfect the filing of an application for trial de novo. *State ex rel. JCA Architects, Inc. v. Schmidt*, 751 S.W.2d 756, 757 (Mo. banc 1988). The trial court is without power to impose jurisdictional requirements in addition to those set out in the statute. *Id.* While the filing fee is required, payment at any particular time is not a jurisdictional prerequisite. *Id.*[3]

---

1. We note that Landlord did not file a Respondent's brief with this Court.

2. All statutory references are to RSMo 2000, unless otherwise indicated.

3. Such a conclusion does not preclude the trial court from imposing sanctions on litigants who do not comply with the statutes and rules. *Schmidt,* 751 S.W.2d at 757.

The associate circuit judge rendered judgment on November 17, 2003. Tenant filed her Application for Trial De Novo on November 26, 2003, within ten days after the judgment was rendered. This filing was in full compliance with all statutory jurisdictional requirements, even though Tenant did not pay the filing fee until December 15, 2003, after the time for filing an application for trial de novo had expired but before the trial court took steps to dismiss Tenant's Application for Trial De Novo. Therefore, Tenant perfected her right of trial de novo provided in Section 512.180.1 on November 26, 2003.[4]

We also note that the trial court's statement in its Order denying Tenant's request to proceed *in forma pauperis*, namely that the Circuit Clerk "shall file the appeal only on deposit of appropriate fees" is inconsistent with Rule 6.5.1(2) of the Rules of the Circuit Court of the Twenty-First Judicial Circuit. This rule provides in relevant part:

> The applicant shall, at the time of filing of the application for trial de novo, deposit the sum provided for by state law and local rule with the appropriate clerk. In the event the deposit is not made, the application *shall be accepted and processed without the fee.*

(Emphasis added.) Thus, an application for trial de novo is deemed filed without payment of the filing fee. The rule also provides, however, that the trial court may impose an appropriate sanction for non-

payment of the filing fee, including dismissal of the application for trial de novo.

Because Tenant's Application for Trial De Novo filed on November 26, 2003 complied with all the statutory jurisdictional requirements of Section 512.190.1, the trial court had the duty to proceed with the trial de novo. Accordingly, Tenant's point on appeal is granted.

### Conclusion

The judgment of the trial court is reversed and remanded for further proceedings.

GARY M. GAERTNER, SR., P.J., and BOOKER T. SHAW, J., concur.

---

4. We note that as part of its reasoning in *Schmidt,* the Court compared Section 512.190 to Section 512.050 and concluded that if payment of the filing fee was a jurisdictional prerequisite in Section 512.190, the legislature would have "explicitly so provided, as was done in Section 512.050 RSMo 1986, ... which provides that the docket fee must be paid at the time a notice of appeal to an appellate court is filed." 751 S.W.2d at 757. However, in 1997, the legislature deleted the

language in Section 512.050 referred to by the Court. Yet, Missouri Supreme Court Rule of Civil Procedure 81.04 and subsequent case law still require the docket fee to be paid when the notice of appeal is filed. Nonetheless, we are constitutionally bound to follow the last controlling decision of the Missouri Supreme Court. Mo. Const. art. V, sec. 2; *Godfrey v. Union Elec. Co.,* 874 S.W.2d 504, 505 (Mo.App. E.D.1994).