Opinion filed June 6, 2013



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00206-CR

_____

## BRAXTON MENDOZA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 421st District Court**
**Caldwell County, Texas**
**Trial Court Cause No. 11-150**

## MEMORANDUM OPINION

The jury found Braxton Mendoza guilty of aggravated sexual assault of M.M., a child younger than fourteen years of age. Appellant elected to have the trial court assess his punishment. The trial court assessed his punishment at confinement for seventeen years and sentenced him accordingly. We affirm.

### I. Trial Evidence

There is no challenge to the sufficiency of the evidence, but we will summarize it so that Appellant's sole complaint on appeal—related to the jury

charge—is placed in proper context. Appellant is R.M. and J.M.'s grandson. The victim, M.M., also is R.M. and J.M.'s grandchild and is Appellant's cousin. The evidence shows that, when Appellant was seventeen years old and M.M. was ten years old, Appellant sexually assaulted her. Appellant lived with R.M and J.M. in Lockhart at the time, and although M.M. had stayed with R.M. and J.M. for a time in the past, she was visiting there on the occasion of this sexual assault.

M.M. testified that, in August 2010, S.M., M.M.'s aunt who was close in age to M.M., came in from school and went to take a shower. While S.M. was taking a shower, Appellant came into the living room from his bedroom and sat on the couch next to M.M. M.M. testified that Appellant got on top of her, took his "private part" out of a hole in his boxers, and put his "private part" inside of her "private part." She said that he moved up and down once his penis was inside of her vagina and that it hurt. She described his penis as long and brown with hair on top. M.M. cried and asked Appellant to stop, but he refused and said, "I know you like this, I know you do." M.M. testified that she saw a white substance come out of his penis and onto his pants. M.M. also said that T.F., another of M.M.'s cousins, had entered the home and saw what was going on but that he went to Appellant's bedroom and began wrestling with and talking to S.M. M.M. remembered the date because it was before she started school, but it was after her stepsister's birthday.

M.M. testified that this was not the first time that Appellant had assaulted her. On an earlier occasion, Appellant locked her in the bedroom, took off her pants, and stuck his "private thing" into her vagina. M.M. remembered the timing of this assault because it occurred just after she received a stuffed animal as a birthday present from her mother when her mother was released from prison in

2006.  S.M. was in the hallway crying and said to Appellant, "Don't do it."  M.M. was six years old; Appellant was thirteen.

M.M. recalled yet another assault when she was in the living room watching television with S.M. at her grandparents' house.  When S.M. fell asleep, Appellant carried S.M. to a bedroom, and he returned to the living room.  He took off M.M.'s pants, got on top of her, put his penis in her vagina, and moved up and down on her.

M.M. said that the first time Appellant abused her it hurt, but she did not know that it was wrong and did not report it.  M.M. also said that she did not tell anyone about the August 2010 assault because she was scared.  Appellant had told her after that assault that he would hurt her if she told anyone.  Almost one year later, M.M. told her sister, K.M., about the assaults, and K.M. immediately told their mother, D.R.  D.R. immediately confronted M.M., who was upset and embarrassed and cried when she recounted the assault.  D.R. contacted Child Protective Services as well as law enforcement personnel and took M.M. to the hospital.  Janie Mott, a Sexual Assault Nurse Examiner, conducted an exam, and she found well-healed clefts or healed injuries to M.M.'s hymen that were consistent with sexual abuse.  M.M. was eleven years old at the time.

## II.  Issue Presented

Appellant's single point of error is that he suffered egregious harm when the trial court erroneously failed to include a Section 8.07(b) limiting instruction in its jury charge.

## III.  Analysis

Section 8.07(b) of the Texas Penal Code contains a provision that a person may not be prosecuted for or convicted of any offense committed before reaching seventeen years of age.  TEX. PENAL CODE ANN. § 8.07(b) (West 2011).  Appellant

claims that M.M.'s testimony of prior bad acts he allegedly committed before he reached seventeen years of age, when combined with the lack of a limiting instruction based upon Section 8.07(b), resulted in egregious harm that deprived him of a fair trial. The trial court allowed testimony of Appellant's prior bad acts for purposes other than to show that Appellant acted in conformity with the indicted charge. The jury charge contained the following limiting instruction:

> The Defendant is on trial solely on the charge contained in the indictment. In reference to evidence, if any, that the Defendant has engaged in transactions or acts other than that which is charged by indictment in this case, you are instructed that you cannot consider such other transactions or acts, if any, for any purpose unless you first find and believe beyond a reasonable doubt that the Defendant engaged in said transactions or acts, if any, and even then, you may only consider said evidence for the following purposes: determining intent, identity, motive, opportunity, plan, preparation, or absence of mistake or accident, if it does; and for the purpose of determining the state of mind of the Defendant and the child, or the previous and subsequent relationship between the Defendant and the child, if any.

*See* TEX. R. EVID. 404(b); TEX. CODE CRIM. PROC. ANN. art. 38.37 (West Supp. 2012). The trial court instructed the jury that it could only convict Appellant of the charged offense and could use prior bad acts or wrongs to determine intent, identity, motive, opportunity, plan, preparation, or absence of mistake or accident only if it found beyond a reasonable doubt that Appellant had committed those prior bad acts or wrongs. The trial court also gave the same instruction concerning the use of such evidence to determine Appellant's or M.M's state of mind or their previous and subsequent relationship.

Article 36.14 of the Texas Code of Criminal Procedure outlines the requirements and procedures that a trial court must use in its jury charge. TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). The trial court shall deliver a written charge to the jury that distinctly sets forth the law applicable to the case.

*Id.*  Before that charge is read to the jury, defense counsel shall have a reasonable time to examine the charge and present objections.  *Id.*  Article 36.14 imposes no duty on trial courts to sua sponte instruct the jury on unrequested defensive issues, which are "strategic" decisions left to defense counsel.  *Taylor v. State*, 332 S.W.3d 483, 487 (Tex. Crim. App. 2011) (citing *Posey v. State*, 966 S.W.2d 57, 62 (Tex. Crim. App. 1998)).

However, a Section 8.07(b) instruction is a statement of the law applicable to the case and is not an "unrequested defensive issue" or a "mistake-of-fact" instruction—it pertains to the prohibition of prosecutions and convictions based on offenses committed prior to reaching seventeen years of age.  *Taylor*, 332 S.W.3d at 487–88.  As the "law applicable to the case," the trial court is required sua sponte to give this instruction if it is not requested by defense counsel.  *Taylor*, 332 S.W.3d at 488–89 (citing *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007)).  The trial court erred when it omitted the Section 8.07(b) instruction.

### IV.  Harm Analysis

We will reverse the trial court's judgment when the record indicates that there was an error in the jury charge and that the error injured Appellant's rights or deprived him of a fair and impartial trial.  TEX. CODE CRIM. PROC. ANN. art. 36.19 (West 2006); *Taylor*, 332 S.W.3d at 486.  If a defendant fails to object to the jury charge, as Appellant failed to do in this case, we review the trial record for fundamental error.  *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985).  We review the entire jury charge; the state of the evidence, including the contested issues and weight of the probative evidence; the arguments of counsel; and any other relevant information to determine whether the defendant suffered egregious harm that deprived him of a fair and impartial trial.

Errors that result in egregious harm are those that affect the "very basis of the case, deprive the defendant of a valuable right, vitally affect the defensive theory, or make a case for conviction clearly and significantly more persuasive." *Taylor*, 332 S.W.3d at 490 (citing *Almanza*, 686 S.W.2d at 172–73); *see Hutch v. State*, 922 S.W.2d 166, 172 (Tex. Crim. App. 1996). The harm must be "actual," not just theoretical. *Almanza*, 686 S.W.2d at 174. We determine egregious harm on a "case by case" basis. *Hutch*, 922 S.W.2d at 172; *Almanza*, 686 S.W.2d at 171.

Evidence may be inadmissible for one purpose, but admissible for another purpose. TEX. R. EVID. 105(a). If evidence is admissible for one purpose, but not another, the court, when requested, will restrict the evidence to its proper scope and instruct the jury on the proper use of the evidence. *Rankin v. State*, 974 S.W.2d 707, 712 (Tex. Crim. App. 1996). A defendant is usually entitled to an instruction limiting the jury's use of an extraneous offense in the jury charge. *Hammock v. State*, 46 S.W.3d 889, 895 (Tex. Crim. App. 2001); *Rankin*, 974 S.W.2d at 711. But evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense shall be admitted for its bearing on relevant matters, including (1) the state of mind of the defendant and the child and (2) the previous and subsequent relationship between the defendant and the child. CRIM. PROC. art. 38.37. The State also may use other crimes, wrongs, or acts to show proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. TEX. R. EVID. 404(b).

Testimony from the victim alone is sufficient to convict Appellant of the charged offense. TEX. CODE CRIM. PROC. ANN. art. 38.07(a) (West Supp. 2012); *Garcia v. State*, 563 S.W.2d 925, 928 (Tex. Crim. App. 1978); *Quincy v. State*, 304 S.W.3d 489, 497 (Tex. App.—Amarillo 2009, no pet.); *Benton v. State*, 237

6

S.W.3d 400, 404 (Tex. App.—Waco 2007, pet. ref'd). The jury is the factfinder that decides disputed facts and evaluates a witness's veracity and credibility. *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000); *see also Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000) (noting an appellate court must give deference to the jury's determination of the weight and credibility of witness testimony). A jury may believe or disbelieve any or all of a witness's testimony. *Lackey v. State*, 819 S.W.2d 111, 116 (Tex. Crim. App. 1989). We will defer to the factfinder and will not substitute our judgment for that of the jury. *Jackson v. Virginia*, 443 U.S. 307, 318 (1979); *Brooks v. State*, 323 S.W.3d 893, 905 (Tex. Crim. App. 2010).

The jury heard evidence that Appellant took off M.M.'s clothes and put his penis in her vagina after S.M. had come home from school one day. M.M. said that she cried and asked Appellant to stop, but he refused and responded, "I know you like this, I know you do." M.M. said she saw a white substance come out of his penis and onto his pants. M.M. testified that her cousin, T.F., came to the house and saw Appellant sexually abusing M.M. but did nothing about it. T.F. denied seeing anything. The jury also heard testimony from D.R. that K.M. had told her about the abuse after M.M. confided to her sister, K.M. D.R. confronted M.M., who was embarrassed, crying, and upset when she had to confirm what she had told K.M. D.R. took M.M. to a hospital where a SANE exam revealed well-healed clefts or healed injuries to M.M.'s hymen consistent with sexual abuse.

The defense vigorously contended that Appellant was never left alone with M.M. and that the grandparents never left M.M. or S.M. alone with Appellant. S.M., M.M., and their grandmother testified that S.M. and M.M. were never left alone with Appellant and that, if they were home alone, they would go to their

7

bedrooms and lock the door. The jury also heard evidence of Appellant's prior assaults upon M.M.

The trial court instructed the jury that, unless it unanimously found beyond a reasonable doubt that Appellant had committed the acts that occurred prior to his seventeenth birthday, the evidence could not be considered to determine intent, identity, motive, opportunity, plan, preparation, or absence of mistake or accident or to determine the state of mind of the defendant and the child or the previous and subsequent relationship between defendant and the child. The evidence pertaining to these prior offenses was sufficient to allow reasonable jurors to find beyond a reasonable doubt that Appellant committed the prior offenses.

After a review of the entire record, including contested issues, trial evidence, the court's instructions, counsels' arguments, and the jury charge, we hold that Appellant did not suffer egregious harm when the trial court did not provide a Section 8.07(b) instruction.

*V. This Court's Ruling*

We affirm the judgment of the trial court.


MIKE WILLSON
JUSTICE


June 6, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.

8