**Oscar TURNER–BEY, Appellant,**

v.

**Sandra HAGENHOFF, et al., Respondents.**

**No. WD 75988.**

Missouri Court of Appeals,
Western District.

Nov. 12, 2013.

Oscar Turner–Bey, Jefferson City, MO, Appellant Acting Pro Se.

John Reeves, Jr., Jefferson City, MO, for Respondent.

Before Division Four: JAMES EDWARD WELSH, C.J., ALOK AHUJA, and CYNTHIA L. MARTIN, JJ.

JAMES EDWARD WELSH, Chief Judge.

Oscar Turner–Bey appeals from a judgment entered by the small claims division of the circuit court. The court dismissed Turner–Bey's petition because the statute of limitation had expired on all of his claims. Rather than petition the circuit court for a trial de novo, Turner–Bey filed an appeal directly with this court. Because section 482.365, RSMo 2000, does not provide for appeals from small claims judgments directly to this court, we dismiss Turner–Bey's appeal.

Turner–Bey, an inmate at Jefferson City Correctional Center, filed a petition in the small claims division of the Circuit Court of Cole County on May 31, 2012, alleging that Sandra Hagenhoff, a correctional officer, and several other Department of Corrections employees damaged or refused to return to him four items of his property: a Crockpot, a television, a cassette radio, and a word processor. According to Turner–Bey, the Crockpot was damaged on April 17, 2007. He further alleged that he became aware that his cassette radio had been taken from him and that his television had been damaged prior to December 13, 2010. In addition, Turner–Bey alleged that he became aware that his word processor had been damaged on December 4, 2010.

Hagenhoff filed a motion to dismiss Turner–Bey's petition on the ground that the statute of limitation had run on all of Turner–Bey's claims. The court granted the motion to dismiss on that ground. Turner–Bey then filed a notice of appeal with this court.[1]

"In Missouri, the right to appeal is purely statutory, and 'where a statute does not give a right to appeal, no right exists.'" *Fannie Mae v. Truong,* 361 S.W.3d 400, 403 (Mo. banc 2012) (quoting *Farinella v. Croft,* 922 S.W.2d 755, 756 (Mo. banc 1996)). Section 512.020, RSMo Cum.Supp.2012, provides that a party may appeal a final judgment "of any trial court in any civil cause from which an appeal is . . . no[t] clearly limited in special statuto-

---

1. Turner–Bey appeals *pro se.* His initial brief was struck for multiple violations of the briefing requirements of Rule 84.04. Thereafter, Turner–Bey filed an amended brief. His amended brief still does not comply with Rule 84 and is woefully inadequate. The most egregious error is that Turner–Bey fails to set forth points relied on in his brief. Rule 84.04(d) sets outs the specific requirements

for points relied on. "'Violations of Rule 84.04 are grounds for a court to dismiss an appeal.'" *Leonard v. Frisbie,* 310 S.W.3d 704, 706 (Mo.App.2010) (citation omitted). Because, however, we conclude that we have no jurisdiction over Turner–Bey's appeal, we dismiss his appeal on that ground rather than the inadequacies of his brief.

ry proceedings[.]" Small claims cases are special statutory proceedings governed by sections 482.300 through 482.365, RSMo. These statutes do not authorize an appeal from a small claims judgment. Rather, section 482.365.2 provides that "[a]ny party aggrieved by any final judgment rendered by a small claims court in a small claims proceeding ... may have a trial de novo." "An appeal without statutory sanction confers no authority upon an appellate court except to enter an order dismissing the appeal." *Prosser v. Derickson*, 1 S.W.3d 608, 609 (Mo.App.1999).

Turner–Bey's sole recourse was to file for a trial de novo in the circuit court.[2] He cannot appeal directly to this court. We, therefore, dismiss his appeal.[3]

All concur.

2. We note, although neither party mentions the fact, that the small claims division was presided over by the Honorable Richard Green, a circuit court judge. Section 482.300.3, RSMo 2000, provides:

> *Unless and until a case or cases filed under the small claims procedures herein provided are otherwise assigned by the presiding judge of the circuit or by local circuit court rule,*
>
> ...
>
> (2) In counties where there is more than one resident associate circuit judge, such cases shall be heard by such associate circuit judge or judges as may be provided by local circuit court rule, or in the absence of such rule, as may be appointed by the presiding judge of the circuit, and such cases shall be filed with the clerks serving such associate judges as are so designated, un-

less a centralized filing system for such cases be provided by local court rule. (Emphasis added).

Further, section 482.300.2 instructs: "When such judge is hearing small claims matters, the court shall be known as 'small claims court.' " Thus, pursuant to section 482.300.3, it appears that a presiding judge or a local rule can assign small claims cases to circuit court judges. Section 482.365, however, does not exempt a party from filing an application for a trial de novo for small claims cases heard before a circuit court judge.

3. In his reply brief, Turner–Bey suggests that we order the circuit court to hold a trial de novo. Section 482.365.2, however, requires that an application for trial de novo be filed with the clerk of the small claims court within 10 days after judgment is rendered.