IN THE MISSOURI COURT OF APPEALS
 WESTERN DISTRICT
 GEORGE FULLER, )
 Appellant, )
 )
 v. ) WD83552
 )
 CINDY GRIFFITH, et al., ) FILED: August 31, 2021
 Respondents. )
 Appeal from the Circuit Court of Cole County
 The Honorable Patricia S. Joyce, Judge
 Before Division One: Alok Ahuja, P.J., and
 Lisa White Hardwick and Anthony Rex Gabbert, JJ.
 George Fuller is currently incarcerated in the Southeast Correctional Center

in Charleston. Fuller filed a small claims petition in the Circuit Court of Cole

County against multiple employees of the Department of Corrections (“DOC”),

alleging that they had destroyed or lost his property. After the small claims

division denied Fuller’s claims, he applied for a trial de novo. The Circuit Clerk

initially refused to file Fuller’s application, because it was not accompanied by a

filing fee or in forma pauperis application. The court then dismissed Fuller’s refiled

application as untimely. Fuller appeals. We conclude that the circuit court

erroneously refused to file Fuller’s original, timely application. We accordingly

reverse the circuit court’s judgment, and remand the case to the circuit court for

further proceedings on Fuller’s Application for Trial De Novo.

 Factual Background
 On January 28, 2019, Fuller filed his pro se small claims petition against the
defendants. The petition sought damages of $2500. In his petition, Fuller alleged
that the defendants had: (1) confiscated and destroyed his legal materials and

personal property; (2) refused to reimburse him for the cost of copy cards he had

purchased at a DOC facility from which he had been transferred, and which were

now unusable; (3) allowed another inmate to have access to Fuller’s cell, resulting in

the theft of Fuller’s property; and (4) failed to return Fuller’s eyeglasses to him after

he was released from administrative segregation.

 Along with his petition, Fuller filed a motion to proceed in forma pauperis,

which the court granted.

 On May 30, 2019, the defendants filed a motion to dismiss. They contended

that Fuller had failed to state a claim upon which relief could be granted, and that

his claims were barred by sovereign immunity, official immunity, and the public

duty doctrine. The court granted the defendants’ motion and dismissed Fuller’s

claims with prejudice on July 8, 2019.

 Four days later, on July 12, 2019, Fuller filed an application for a trial de

novo. The Circuit Clerk sent Fuller a response on July 15, 2019, which stated:

 This office received your Application for Trial De Novo on July 12,
 2019. There is a Forty Five Dollars ($45.00) filing fee, which needs to
 be made out to the Cole County Circuit Clerk.
 If you would like to file as a pauper, pursuant to Section 3 of the
 Prisoner Litigation Reform Act, the Court cannot accept filing of a civil
 action without a certified copy of your correctional center account
 statement for six months prior to filing along with a Motion to File
 as a Pauper. Your papers did not contain a certified copy of your
 correctional center account statement for six months prior to filing,
 and is [sic] being returned to you without filing.
 On July 30, 2019, Fuller re-filed his Application for Trial De Novo, along with

a Motion and Affidavit in Support of Request to Proceed As a Poor Person, and a

certified statement of his offender account for the preceding six months. The

defendants responded with a motion to dismiss Fuller’s Application on the basis
that it was filed out of time. The circuit court granted the defendants’ motion in an

 2
order entered on August 20, 2019, and dismissed Fuller’s Application without

prejudice.

 Fuller filed a notice of appeal on January 9, 2020. After this Court

determined that the circuit court’s dismissal ruling was contained in an

unappealable order, the circuit court entered a final judgment dismissing Fuller’s

Application on April 15, 2020.

 Discussion
 I.
 “Before we consider the merits of an appeal, we must determine whether we

have jurisdiction to consider the appeal.” Residential & Resort Assocs. v. Wolfe, 274

S.W.3d 566, 568-69 (Mo. App. W.D. 2009) (citation omitted).

 First, we determine whether there is a final, appealable judgment. Here, the

circuit court dismissed Fuller’s Application for Trial De Novo without prejudice.

“[G]enerally a dismissal without prejudice is not a final judgment and, therefore, is

not appealable.” Phox v. Boes, 481 S.W.3d 920, 921 (Mo. App. W.D. 2016) (citation

omitted). An appeal may be taken from a dismissal without prejudice, however,

where the dismissal has the “practical effect of terminating the litigation.” New

England Carpenters Pension Fund v. Haffner, 391 S.W.3d 453, 459 n.6 (Mo. App.
S.D. 2012) (citation and internal quotation marks omitted). If the dismissal was

such that an attempt to refile a motion or petition would be futile, the dismissal

ruling is appealable. Chromalloy Am. Corp. v. Elyria Foundry Co., 955 S.W.2d 1, 4

(Mo. 1997); Doe v. Visionaire Corp., 13 S.W.3d 674, 676 (Mo. App. E.D. 2000).

Because any attempt by Fuller to refile his Application for Trial De Novo would be

futile, the circuit court’s dismissal without prejudice was a final, appealable

judgment.

 Fuller’s Notice of Appeal was timely, even though it was filed on January 9,
2020, and purported to appeal an order entered by the circuit court on August 20,

 3
2019. The circuit court’s dismissal of the Application for Trial De Novo was initially

documented in an order which was not denominated as a “judgment” as required by

Rule 74.01(a). The order was therefore not appealable when it was entered in

August 2019. The circuit court did not incorporate its dismissal ruling into a

document denominated as a “judgment” until April 15, 2020. That judgment

became final thirty days later, on May 15, 2020. Rule 81.05(a). Fuller’s notice of

appeal, filed on January 9, 2020, was actually premature. Under Rule 81.05(b), it is

“considered as filed immediately after the time the judgment bec[a]me[ ] final for

the purpose of appeal.” Fuller’s Notice of Appeal was accordingly timely and

effective.

 We finally consider whether we have the statutory authority to hear this

appeal given the case’s origin in the circuit court’s small claims division. “The right

to appeal is purely statutory and where a statute does not give a right to appeal, no

right exists.” State ex rel. Koster v. ConocoPhillips Co., 493 S.W.3d 397, 399 (Mo.

2016) (citation and internal quotation marks omitted). “An appeal without

statutory sanction confers no authority upon an appellate court except to enter an

order dismissing the appeal.” Farinella v. Croft, 922 S.W.2d 755, 757–58 (Mo. 1996)

(citation omitted).
 Section 512.020 “provides that a party may appeal a final judgment ‘of any

trial court in any civil cause from which an appeal is . . . no[t] clearly limited in

special statutory proceedings.’” Turner-Bey v. Hagenhoff, 413 S.W.3d 676, 677–78

(Mo. App. W.D. 2013) (quoting § 512.020). Small claims cases, such as Fuller’s, are

“special statutory proceedings governed by section 482.300 through 482.365, RSMo.”

Id. at 678. Section 482.365.2 provides that “[a]ny party aggrieved by any final

judgment rendered by a small claims court in a small claims proceeding . . . may

have a trial de novo.” Thus, if a litigant seeks review of a small claims judgment,
“his sole recourse [is] to file for a trial de novo in the circuit court; he cannot appeal

 4
to this court directly.” Prosser v. Derickson, 1 S.W.3d 608, 609 (Mo. App. W.D.

1999); see also Turner-Bey, 413 S.W.3d at 678.

 Relying on Turner-Bey, the defendants argue that Fuller was not entitled to

appeal the circuit court’s judgment to this Court. We disagree. Turner-Bey merely

holds that a litigant may not appeal a judgment entered in a small claims case

directly to this Court. But Fuller did not seek to appeal directly. Instead, he filed

an Application for Trial De Novo in the circuit court, as contemplated by

§ 482.365.2, RSMo. The circuit court dismissed his Application, on grounds which

Fuller contends are erroneous. A small-claims litigant who has filed an application

for trial de novo, and who alleges that the application was erroneously denied, is

entitled to appeal to this Court from the circuit court’s denial of the application. See

Bey v. Precythe, 586 S.W.3d 781 (Mo. App. W.D. 2019) (reversing the circuit court’s

erroneous denial of an application for trial de novo in a prisoner’s small claims

action); see also C&F Invs., LLC v. Hall, 149 S.W.3d 557 (Mo. App. E.D. 2004)

(reversing circuit court’s erroneous denial of trial de novo authorized by § 512.180.1,

RSMo, following bench trial before associate circuit judge); Distribution Transp.

Servs., Inc. v. Salihovic, 2 S.W.3d 822, 824 (Mo. App. E.D. 1999) (same).

 We have jurisdiction over Fuller’s appeal, and proceed to consideration of the
merits.

 II.
 Although Fuller raises seven Points on appeal, we consider only Point VI,

which argues that the circuit court erroneously dismissed his Application for Trial

De Novo.

 Fuller’s sixth Point raises legal questions concerning the interpretation of the

statute authorizing trials de novo in small claims actions; those legal questions are

subject to de novo review on appeal. Bey, 586 S.W.3d at 784.

 5
 Section 482.365.2, RSMo provides:

 Any party aggrieved by any final judgment rendered by a small claims
 court in a small claims proceeding, except a judgment by consent, may
 have a trial de novo. The right to trial de novo shall be perfected by
 filing an application for trial de novo with the clerk of the small claims
 court within ten days after the judgment is rendered.
 Fuller originally filed his Application for Trial De Novo on July 12, only four

days after the small claims division’s July 8, 2019, judgment was entered. The

Circuit Clerk refused to file Fuller’s Application, however, because it was not

accompanied by a filing fee, or by an adequately documented application to proceed

in forma pauperis. The Circuit Clerk did not file Fuller’s Application until July 30,

2019, after he submitted a completed application to proceed in forma pauperis.

 For two separate reasons, the Circuit Clerk lacked authority to refuse to file

Fuller’s Application for Trial De Novo on July 12, 2019.

 First, § 482.365.2, RSMo “makes no reference to the payment of a filing fee to

perfect the filing of an application for trial de novo.” Rowan v. Coves N. Homes

Ass’n, 426 S.W.3d 725, 727 (Mo. App. W.D. 2014) (citations omitted). Because “[a]

trial court is without power to impose requirements in addition to those set out in

the statute,” “payment [of a filing fee] at a particular time is not a prerequisite to

perfect the right to trial de novo.” Id. (citations omitted); accord, Bey, 586 S.W.3d at
788 (“[§] 482.365 does not require the simultaneous payment of a filing fee, or the

filing of a motion to proceed in forma pauperis, to make the application [for trial de

novo] effective”); see also State ex rel. JCA Architects, Inc. v. Schmidt, 751 S.W.2d

756, 757 (Mo. 1988) (reaching same result under § 512.190.1, RSMo, which

authorizes applications for trial de novo in certain actions tried before an associate

circuit judge); C&F Investments, 149 S.W.3d at 558-59 (same). Fuller’s failure to

tender a filing fee, or an application to proceed in forma pauperis, with his

 6
Application for Trial De Novo did not render the Application ineffective. The Circuit

Clerk lacked authority to refuse to file the Application on that basis.

 Second, even if tender of a filing fee or an in forma pauperis application were

required to make the Application effective, Fuller had already been granted in

forma pauperis status. When Fuller filed his initial petition in the small claims

division, he also filed a motion to proceed in forma pauperis, which was granted.

Section 506.369.2, RSMo provides that, following the filing of a plaintiff’s in forma

pauperis motion, a court’s determination of a plaintiff’s inability to pay “shall apply

to the case until final judgment is entered by either the trial or an appellate court.”

Fuller’s timely filing of his application for a trial de novo on July 12, 2019,

prevented the small claims division’s judgment from becoming final. See Rule

151.02(a) (“[A] judgment will be final unless an application for trial de novo is filed

within ten days”; emphasis added). Because no final judgment had been entered,

Fuller could continue to rely on the court’s earlier granting of in forma pauperis

status; he was not required to reapply for in forma pauperis status in order to

prosecute his Application for Trial De Novo. Bey, 586 S.W.3d at 788 (“Where a

timely application for trial de novo is made by an inmate who was previously

granted permission to proceed in forma pauperis in the case, Section 506.369.2
provides that the prisoner is not required to reapply for in forma pauperis status

under Section 506.366.”).

 Fuller’s Application for Trial De Novo was effective when he tendered it on

July 12, 2019, only four days after the small claims division ruled against him, and

his Application should have been filed on that date. Because his Application was

submitted well within the 10-day deadline established by § 482.365.2, RSMo, the

circuit court erred in dismissing his Application as untimely.

 7
 Conclusion
 We reverse the circuit court’s judgment and remand for further proceedings

consistent with this opinion.

 _______________________________________
 Alok Ahuja, Judge
All concur.

 8